In the Matter of the **REINSTATEMENT OF Clinton Eugene PHILLIPS,**

**To Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

SCBD No. 4121.

Supreme Court of Oklahoma.

May 14, 1996.

Clinton Phillips, Keller, pro se.

Janis Hubbard, Asst. General Counsel, Oklahoma Bar Association, Oklahoma City, for Respondent.

SUMMERS, Justice.

Clinton Eugene Phillips seeks reinstatement to the Oklahoma Bar Association. The Trial Panel recommended petitioner's reinstatement by unanimous vote. This Court exercises exclusive original jurisdiction and makes an independent review of the record in a reinstatement proceeding. *Matter of Reinstatement of Kirk,* 804 P.2d 443, 445 (Okla.1990); *Matter of Reinstatement of Clifton,* 787 P.2d 862, 863 (Okla.1990). We agree with the Trial Panel and grant the petitioner's reinstatement. However, that reinstatement is conditioned upon petitioner filing certain MCLE reports with payment of fees, payment of dues, and payment of costs of this proceeding.

Phillips was a member of the Oklahoma Bar Association from January 7, 1991 to July 31, 1995 at which date his name was stricken from the roll of attorneys for non-payment of Oklahoma Bar Association dues and non-compliance with Oklahoma's Mandatory Continuing Legal Education. No disciplinary proceeding was pending against him. A joint stipulation of Phillips and the Bar Association states that no complaint against him has been made to the Oklahoma Bar Association.

In February of 1992 Phillips moved to Texas. He subsequently passed the State Bar of Texas, and has practiced law in that State to this time. The investigation by the Oklahoma Bar Association upon Phillips' petition revealed that he is a member in good standing with the Texas Bar Association, and that no disciplinary action is pending against him in Texas.

We have stated that in a Rule 11 proceeding after the imposition of discipline we review the evidence and determine: (1) the present moral fitness of the petitioner, (2) the petitioner's demonstrated consciousness of his or her wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of petitioner's rehabilitation, (4) seriousness of the original misconduct, (5) conduct subsequent to discipline, (6) the time which has elapsed since the original discipline, (7) the petitioner's character, maturity, and experience at the time of disbarment, and (8) the petitioner's present competence in legal skills. *Matter of Reinstatement of Floyd,* 775 P.2d 815, 816 (Okla.1989).

■ The present proceeding involves no prior imposition of discipline for lawyer professional misconduct. The focus of our inquiry in this case is the present moral fitness of the petitioner, his conduct subsequent to suspension as it relates to his moral fitness and professional competence, his present competence in legal skills, whether he has engaged in the unauthorized practice of law, and whether he has complied with rule-mandated requirements for reinstatement.

In the hearing before the Trial Panel an Oklahoma lawyer testified concerning his knowledge of Phillips. He stated that Phillips had worked for him while Phillips was in law school in Oklahoma. He stated that he had referred a client to Phillips "to handle a matter that's in Texas." He also testified as to Phillips' good moral character.

The evidence of Phillips' present competence in legal skills included testimony of his current practice in Texas, continuing legal education he had received and will receive in Texas, and legal research he has performed involving Oklahoma law. The joint stipulation, affidavit by Phillips, and testimony before the trial panel all advise that Phillips has not engaged in the unauthorized practice of law in Oklahoma. The record also shows that no funds of the Client's Security Fund of the Oklahoma Bar Association have been expended on behalf of the petitioner.

During 1993 Phillips was a non-resident of the State of Oklahoma, and did not practice law in Oklahoma. These two conditions would have exempted him from the continuing legal education requirement if he had filed the rule-required affidavit or annual report. See 5 O.S.1991 Ch. 1, App. 1–B, Rules for Mandatory Continuing Legal Education, Rule 2(e), (f), and (g). He did not comply with these rules, and was suspended from membership in the Oklahoma Bar Association for failure to comply with the Rules for Mandatory Continuing Education for the year 1993. *In the Supreme Court of the State of Oklahoma, etc.,* S.C.B.D. No. 4002, 65 O.B.J. 2324, 2325 (June 30, 1994).

A suspended member who does not file a petition for reinstatement within one year from the date of suspension ceases to be a member of the Bar Association. The Court strikes the suspended member's name from the roll of attorneys. See 5 O.S.1991 Ch. 1, App. 1–B, Rule 6(e). Phillips' name was stricken from the rolls because of his non-compliance with MCLE. *In the Supreme Court of the State of Oklahoma, etc.,* S.C.B.D. No. 4002, 66 O.B.J. 2657, 2658 (July 31, 1995).

Once a member's name is stricken from the Roll of Attorneys, to be readmitted to the Bar Association the attorney "shall be required to file with the Professional Responsibility Commission an affidavit by the attorney and a certificate from the MCLEC

indicating compliance with the Rules for Continuing Legal Education, including payment of all fees and charges, and the attorney must comply with Rule 11 of the Rules Governing Disciplinary Proceedings of the Oklahoma Bar Association." Rules for Mandatory Continuing Legal Education, Rule 6(e).

Phillips complied with the Rule 11 procedure. However, the record contains no certificate from the MCLEC indicating compliance with the Rules for Mandatory Continuing Legal Education. Contained in the record is both an affidavit by Phillips and a joint stipulation by Phillips and the Bar Association that Phillips was a non-resident of the State of Oklahoma and did not practice law in Oklahoma after he moved to Texas.

A lawyer may file a late MCLE report with a rule-mandated fee of fifty dollars. *Id.* at Rule 6(b). Upon suspension the Rule-mandated fee for reinstatement within one year of suspension is $100.00 in addition to any annual reporting fee. *Id.* at Rule 6(d). Phillips is not seeking reinstatement during the one-year period and is subject to costs of the Rule 11 proceeding. We conclude that the $100.00 Rule 6(d) fee does not apply.

However, as a condition of Phillips reinstatement he shall file with the Commission on Mandatory Continuing Legal Education three MCLE reports, one each for the calendar years of 1993, 1994, and 1995, with each stating his non-residence in, and that he did not practice law in, the State of Oklahoma. As a condition of his reinstatement the three reports shall be accompanied by the payment of $150.00, ($50.00 fee for each report filed) as required by Rule 6(b).

Phillips' suspension from the Oklahoma Bar Association was also for failing to pay his 1994 dues. *In the Supreme Court of the State of Oklahoma, etc.,* S.C.B.D. No. 4001, 65 O.B.J. 2319, 2321 (June 30, 1994). He did not pay his dues within one year of suspension, nor since. A suspended member who does not, within one year of suspension, file an application for non-payment of dues ceases to be a member of the Bar Association, and Phillips' name was stricken from the membership rolls. 5 O.S.Ch. 1, App. 1, Art

VIII § 5. *In the Supreme Court of the State of Oklahoma, etc.,* S.C.B.D. No. 4001, 66 O.B.J. 2654, 2655 (July 31, 1995).

When a member of the Bar Association is suspended for non-payment of dues that member may be reinstated upon payment of delinquent dues, expense charges, and dues for the current year. 5 O.S.Ch. 1, App. 1, Art VIII § 4. The joint stipulation by Phillips and the Bar Association states that delinquent dues, exclusive of 1996, amount to $750.00. As a condition of his reinstatement Phillips shall pay the delinquent dues of $750.00 and the current dues for 1996 in the amount of $175.00, for a total of $925.00. See 5 O.S.Ch. 1, App. 1, Art VIII § 1.

The Bar Association has filed an application to assess costs in the amount of $287.16 for this proceeding. That application is granted, and the petitioner shall pay costs in the amount of $287.16 to the Oklahoma Bar Association within sixty days of the date of this opinion. Costs shall be paid within sixty days regardless of when petitioner pays the other amounts required herein.

We conclude that the petitioner has met his burden for reinstatement, and shall be reinstated to membership in the Oklahoma Bar Association effective upon the date he files with the Mandatory Continuing Legal Education Commission reports for the years of 1993, 1994, and 1995, with payment of $150.00, and pays to the Oklahoma Bar Association $925.00 for past and current dues, and $287.16 for the costs of this proceeding.

Upon petitioner's filing the proper MCLE reports and making full payment as required herein, the Executive Director of the Oklahoma Bar Association shall file in this proceeding a notification that petitioner has satisfied these requirements.

ALMA WILSON, C.J., KAUGER, V.C.J. and LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.