1999 OK 52

In the Matter of REINSTATEMENT OF Kelley Gilbert LOUD to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

No. SCBD 4349.

Supreme Court of Oklahoma.

May 25, 1999.

Kelley Gilbert Loud, Lawton, Oklahoma, for Petitioner.

Allen J. Welch, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

ALMA WILSON, Justice:

¶1 The applicant, Kelley Gilbert Loud, was stricken from membership in the Oklahoma Bar Association on July 8, 1996, for failure to report Mandatory Continuing Legal Education. She filed her petition for reinstatement on June 18, 1998, and her hearing before the Professional Responsibility Tribunal was held on August 21, 1998. The trial panel filed its report on September 21, 1998, recommending that the applicant be reinstated on the condition that she pay all costs and that a certificate be issued to her from the Mandatory Continuing Legal Education Commission (MCLEC) indicating compliance with the Rules for Mandatory Continuing Legal Education, pursuant to Rule 6(e), 5 O.S.1991, ch. 1, app. 1–B. On October 12, 1998, the applicant and the Bar Association filed a joint brief urging that this Court approve and adopt the Trial Panel's findings and recommendations.

¶2 The trial panel's recommendations are entitled to great weight, but are merely advisory in nature. In lawyer disciplinary matters this Court does not sit in review of the panel's recommendations, but instead exercises original jurisdiction. *Matter of Page*, 1993 OK 165, ¶3, 866 P.2d 1207, 1209.

¶3 The applicant is a native of Miami, Oklahoma, received her law degree from the University of Oklahoma in May of 1989, and was admitted to the Oklahoma Bar Association on September 13, 1993, after successful completion of the Oklahoma bar examination. She had been previously admitted to the State Bar of Texas on November 3, 1989. The testimony at the hearing before the trial panel reveals that the applicant has resided and practiced law in the State of Texas since her admission to the State Bar of Texas. Since her admission, the applicant has been a member in good standing of the State Bar of Texas. She presently practices law in Houston, Texas, in the areas of bankruptcy and commercial law.

¶4 The recommendation of the trial panel was conditioned on the applicant's payment of costs and issuance of a certificate from MCLEC. Rule 6(e) of the Rules for Mandatory Continuing Legal Education requires an affidavit and a certificate from the MCLEC indicating compliance with the Rules for Mandatory Continuing Education. The affidavit and certificate is intended to be part of the application for reinstatement as a preliminary matter, not the conclusion of the process just before a lawyer is reinstated. The certificate and the payment of all fees and charges is a condition of reinstatement. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶13, 919 P.2d 419, 420.

¶5 In *Matter of Reinstatement of Phillips*, the lawyer sought reinstatement after his name had been stricken from the roll of attorneys for failure to pay Oklahoma Bar Association dues and for failure to comply with Oklahoma's Mandatory Continuing Legal Education. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶2, 919 P.2d at 420. As a condition for reinstatement, this Court required Phillips to file with the Commission on Mandatory Continuing Legal Education three MCLE reports, one for each of the calendar years he had filed no report. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶13, 919 P.2d at 421. He, like the applicant, had been a resident of the state of Texas, and had not practiced law in Oklahoma during the applicable years. This Court required Phillips to state in his report his nonresidence in the State of Oklahoma and that he did not practice law in the State of Oklahoma. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶13, 919 P.2d at 421, and Rules for Mandatory Continuing Legal Education, 5 O.S.1991, ch. 1, app. 1–B, Rules 2(e), 5. Phillips was also required to include the $50.00 expense charge for each report. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶13, 919 P.2d at 421, and Rules for Mandatory Continuing Legal Education, 5 O.S.1991, ch. 1, app. 1–B, Rules 6(b).

¶6 An attorney who, during the entire reporting period, is a nonresident of Oklahoma and did not practice law here is exempt from MCLE educational requirements, but is required to file an annual report claiming the exemption. 5 O.S.1991, ch. 1, App. 1–B, rule 2(e) & (g). Rule 2(e) provides that "An attorney who, during the entire reporting period, is a nonresident of the State of Okla-

homa and did not practice law in the State of Oklahoma is exempt from the educational requirements of these rules." Rule 2(g) provides that "Any person claiming an exemption hereunder is required to file an annual report in compliance with these rules and regulations." Rule 5 provides that this report must be filed annually on or before February 15. If it is not, an expense charge of $50.00 is added.

¶ 7 Rule 6(c) provides the delinquent lawyer sixty days to show cause why the lawyer's license should not be suspended at the expiration of the sixty days. If the lawyer fails to show good cause, this Court suspends the lawyer from the practice of law in this state until reinstated, pursuant to Rule 6(d). Any time within one year after the lawyer is suspended, the attorney may file an affidavit and a certificate from the MCLEC indicating compliance with the Rules of Mandatory Continuing Legal Education, and payment of a reinstatement fee of $100.00. Rule 6(d). If satisfactory to the Executive Director, the member is then restored to membership. Rule 6(d).

¶ 8 If a suspended member does not file an application for reinstatement within one year from the date of suspension, that lawyer automatically ceases to be a member of the Oklahoma Bar Association, and the Board of Governors files an application with this Court recommending that the lawyer be stricken from the membership rolls. Rule 6(e). After that order, if the lawyer desires to become a member of the Oklahoma Bar Association, that lawyer is required to file with the Professional Responsibility Commission an affidavit and a certificate from the MCLEC indicating compliance with the Rules for Mandatory Continuing Legal Education, including payment of all fees and charges, and the lawyer must also comply with Rule 11 of the Rules Governing Disciplinary Proceedings of the Oklahoma Bar Association. Rule 6(e), Rules for Mandatory Continuing Legal Education, 5 O.S.1991, ch. 1, app. 1–B.

¶ 9 The requirements for reinstatement are found in Rule 11, 5 O.S.1991, ch. 1 app. 1–A. Rule 11.4 provides that an applicant must establish affirmatively that the applicant's conduct will conform to the high standards required of a member of the Bar. The burden is on the applicant to establish by clear and convincing evidence that the applicant has met the prerequisites for reinstatement. The traditional factors considered by the courts in reinstatement cases include (1) the present moral fitness of the applicant, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of applicant's rehabilitation, (4) the seriousness of the original misconduct, (5) the conduct subsequent to discipline, (6) the time that has elapsed since the original discipline, (7) the applicant's character, maturity, and experience at the time of discipline, and (8) the applicant's present competence in legal skills. *Matter of Reinstatement of Kamins*, 1988 OK 32, ¶ 20, 752 P.2d 1125, 1130, citing *State v. Russo*, 230 Kan. 5, 630 P.2d 711, 714 (1981).

¶ 10 Because the present proceeding involves no prior imposition of discipline for lawyer professional misconduct, the focus of our inquiry is the present moral fitness of the applicant, her conduct subsequent to suspension as it relates to her moral fitness and professional competence, her present competence in legal skills, whether she has engaged in the unauthorized practice of law, and whether she has complied with rule-mandated requirements for reinstatement. *Matter of Reinstatement of Phillips*, 1996 OK 62, ¶ 5, 919 P.2d at 420.

¶ 11 The applicant was stricken from the roll of attorneys of the Oklahoma Bar Association for failure to report that she did not practice law in the State of Oklahoma, and therefore did not complete Mandatory Continuing Legal Education in Oklahoma. Since her admission to the State Bar of Texas in 1989, she has complied with the Mandatory Continuing legal Education requirements of that state. From January 1993 through July 1998, the applicant completed 60.25 hours of classes, including 11.5 hours of ethics. She testified that she did not practice law in Oklahoma during the operative time period, and that she has not engaged in the unauthorized practice of law in Oklahoma. In fact, there was no evidence

presented that she ever practiced law in Oklahoma.

¶ 12 Robert Hanks, an investigator for the Bar Association, testified that his investigation was probably one of the easiest and simplest with the best references, and with no concerns raised by anyone he had interviewed. Ms. Loud was given high recommendations. During the hearing the petitioner answered questions concerning the similarities and differences between the laws of Oklahoma and Texas. The evidence was uncontroverted that the petitioner had satisfied her burden pursuant to the Rules Governing Disciplinary Proceedings, 5 O.S.1991, ch. 1, app. 1–A, Rule 11.1. The applicant has complied with the Rule 11 procedure.

¶ 13 The Bar Association has filed an application to assess costs in the amount of $369.06 for this proceeding. That application is granted, and the applicant shall pay costs in the amount of $369.06 to the Oklahoma Bar Association within sixty days of the date of this opinion. Costs shall be paid within sixty days regardless of when petitioner pays the other amounts required herein. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 16, 919 P.2d at 421.

¶ 14 The applicant, Kelley Gilbert Loud, has met her burden for reinstatement, and shall be reinstated to membership in the Oklahoma Bar Association effective upon the date she files with the Mandatory Continuing Legal Education Commission reports for the years she has failed to file, and payment of $50.00 as an expense charge for each of those years, and additional payment of the costs of these proceedings set forth above.

¶ 15 Upon applicant's filing the proper MCLE reports and making full payment as required herein, the Executive Director of the Oklahoma Bar Association shall file in this proceeding a notification that petitioner has satisfied these requirements. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 18, 919 P.2d at 421. On future applications for reinstatement involving noncompliance with MCLE requirements, the Bar Association shall require the affidavit and a certificate from the MCLEC pursuant to Rule 6(e) of the Rules for Mandatory Continuing Legal Education as part of the process of applica-

tion, with the affidavit and certificate to be examined by the trial panel as a part of the hearing process.

¶ 16 All Justices concur.