2000 OK 61

**In the Matter of REINSTATEMENT OF: George Donald PEARSON, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 4521.**

Supreme Court of Oklahoma.

July 14, 2000.

George Donald Pearson, Muskogee, Oklahoma, Petitioner.

Mike Speegle, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, Respondent.

WINCHESTER, Justice:

¶ 1 The applicant, George Donald Pearson, was stricken from membership in the Oklahoma Bar Association on July 8, 1996, for failure to report Mandatory Continuing Legal Education. He filed a petition for reinstatement on February 29, 2000, and his hearing before the Professional Responsibility Tribunal was held on May 16, 2000. The trial panel filed its report on May 24, 2000, recommending that the applicant be reinstated and that he pay the costs of the proceedings. On June 6, 2000, the Bar Association waived filing a response brief with the Court in this matter, but requested the Court accept the recommendation of the applicant to be reinstated. The Bar Association on June 30, 2000, filed a motion to remand for further hearings.

¶ 2 The trial panel's recommendations are entitled to great weight, but are merely advisory in nature. In attorney disciplinary matters, including reinstatements, this Court does not sit in review of the panel's recommendations, but instead exercises original jurisdiction. *Matter of Page,* 1993 OK 165, ¶ 3, 866 P.2d 1207, 1209.

¶ 3 The requirements for reinstatement are found in Rule 11, 5 O.S.1991, Ch.1, App. 1–A. Rule 11.4 provides that an applicant must establish affirmatively that the applicant's conduct will conform to the high standards required of a member of the Bar.

The burden is on the applicant to establish by clear and convincing evidence that the applicant has met the prerequisites for reinstatement. The traditional factors considered by the courts in reinstatement cases include (1) the present moral fitness of the applicant, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of the applicant's rehabilitation, (4) the seriousness of the original misconduct, (5) the conduct subsequent to discipline, (6) the time that has elapsed since the original discipline, (7) the applicant's character, maturity, and experience at the time of discipline, and (8) the applicant's present competence in legal skills. *Matter of Reinstatement of Kamins,* 1988 OK 32, ¶ 20, 752 P.2d 1125, 1130, citing *State v. Russo,* 230 Kan. 5, 630 P.2d 711, 714 (1981).

■ ¶ 4 Because the present proceeding involves no prior imposition of discipline for lawyer professional misconduct, the focus of our inquiry is the present moral fitness of the applicant, his conduct subsequent to suspension as it relates to his moral fitness and professional competence, his present competence in legal skills, whether he has engaged in the unauthorized practice of law, and whether he has complied with the rule-mandated requirements for reinstatement. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 5, 919 P.2d 419, 420.

¶ 5 The applicant is a native of Muskogee, Oklahoma, received his law degree from Tulsa University in May 1960, and was admitted to the Oklahoma Bar Association in August 1960, after successful completion of the Oklahoma bar examination. Testimony at the hearing before the trial panel reveals the applicant opened a general law practice in Muskogee in 1960 and remained a self-employed attorney for nearly the next 35 years. The bulk of the applicant's practice was trial work. In early 1994, he was diagnosed with an aneurysm and had surgery in February 1994. The applicant continued to practice law while under a doctor's care in 1994, but in late October, after suffering mini-strokes and experiencing memory difficulties, he made the decision to close his practice. The applicant and his staff notified each client,

either in person or by phone, that he was closing the practice and refunded fees as applicable. The applicant then moved to Grand Lake in Delaware County. The applicant considered himself "retired" from the practice of law and has not filed MCLE reports since 1995. In 1997, the applicant began physical and mental rehabilitation and also in 1997, he returned to his residence in Muskogee. In April and May, 2000, the petitioner attended several Continuing Legal Education classes. The applicant testified and court clerk records support the fact, that he did not practice law in Oklahoma after being stricken from the rolls.

¶ 6 Rule 2(a) of the Rules for Mandatory Continuing Legal Education states that "these rules shall apply to every active member of the Oklahoma Bar Association as defined by Article II of the Rules Creating and Controlling the Oklahoma Bar Association." 5 O.S.Supp.1999, Ch. 1, App. 1–B. Article II of the Rules Creating and Controlling the Oklahoma Bar Association classifies members of the Association into three groups: active, senior and associate members. Active members are defined as "all members not enrolled as senior members or associated members." 5 O.S.1999, Ch. 1, App. 1, Art. II, § 2(b). Associate members are those who are unable to engage in the practice of law because of illness, infirmity or other disability. 5 O.S.1999, Ch. 1, App. 1, Art. II, § 2(c). Associate members are required to file a statement with the Executive Director of the Oklahoma Bar Association notifying the OBA of their situation. 5 O.S.1999, Ch. 1, App. 1, Art. II, § 2(c). While it appears the applicant did not file a statement with the Executive Director requesting a change in status, closing his practice and in his words "retiring" are indications he was no longer an "active member."

¶ 7 The applicant was stricken from the roll of attorneys of the Oklahoma Bar Association for failure to complete and report Mandatory Continuing Legal Education as required for active members of the Bar. In *Matter of Reinstatement of Phillips,* the lawyer sought reinstatement after his name had been stricken from the roll of attorneys for failure to pay Oklahoma Bar Association

dues and for failure to comply with Oklahoma's Mandatory Continuing Legal Education. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 2, 919 P.2d at 420. As a condition for reinstatement, this Court required Phillips to file with the Commission on Mandatory Continuing Legal Education an MCLE report for each of the calendar years he had filed no report. Phillips was also required to include the $50 expense charge for each report. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 13, 919 P.2d at 421, and Rules for Mandatory Continuing Legal Education, 5 O.S.1991, Ch. 1, App.1–B, Rule 6(b).

¶ 8 Because the applicant had retired from the practice of law because of illness, he is not required to file an MCLE report for 1995 to 2000. The applicant shall file a statement with the Executive Director requesting associate status for 1995 to 2000. This would exempt the petitioner from MCLE requirements for those years. Rules for Mandatory Continuing Legal Education, 5 O.S.1991, Ch. 1, App. 1–B, Rule 5. As the applicant has now attained the age of 65, he will be required to file an MCLE report in 2001 for the continuing education he attended earlier this year, but that will be the last MCLE report required from the applicant. Rules for Mandatory Continuing Legal Education, 5 O.S.1991, Ch. 1, App. 1–B, Rule 5.

¶ 9 Ronald Wright, a practicing attorney and vice-chairman of the Board of Bar Examiners testified that the applicant "represents the high standard that a practicing attorney should have in the State of Oklahoma." Wright also testified that the applicant has a high degree of competency and legal skills and would recommend that he be reinstated. The evidence was uncontroverted that the petitioner has satisfied his burden pursuant to the Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch.1, App.1–A, Rule 11.1. The applicant has complied with the Rule 11 procedure.

¶ 10 Having considered the Oklahoma Bar Association's motion to remand, we deny the motion.

¶ 11 The Bar Association has filed an application to assess costs in the amount of $403.62 for this proceeding. That application is granted, and the applicant shall pay costs in the amount of $403.62 to the Oklahoma Bar Association within sixty days of the date of this opinion. Costs shall be paid within sixty days regardless of when applicant pays the other amounts required herein. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 16, 919 P.2d at 421.

¶ 12 Upon applicant's filing of the status-change statement and making full payment as required herein, the Executive Director of the Oklahoma Bar Association shall file in this proceeding a notification that petitioner has satisfied these requirements. *Matter of Reinstatement of Phillips,* 1996 OK 62, ¶ 18, 919 P.2d at 421.

¶ 13 HARGRAVE, V.C.J., LAVENDER, KAUGER, WATT, and WINCHESTER, JJ., concur;

¶ 14 HODGES, and OPALA, JJ., dissent;

¶ 15 SUMMERS, C.J., and BOUDREAU, J., not participating.

OPALA, J., with whom HODGES, J., joins, dissenting:

¶ 1 I would sustain the Bar's motion to retransfer this cause for further consideration by the P.R.T.