2002 OK 43

**In the Matter of the REINSTATEMENT OF Tom L. CROSS to Membership in the Oklahoma Bar Association and in the Roll of Attorneys.**

**No. S.C.B.D. 4630.**

Supreme Court of Oklahoma.

May 21, 2002.

**15.** *State ex rel. Oklahoma Bar Ass'n v. Brewer*, 1999 OK 101, ¶ 15, 998 P.2d 605, 610.

**16.** 2001 OK 54, 27 P.3d 91.

**17.** 1999 OK 101, 998 P.2d 605.

**18.** 1997 OK 39, 936 P.2d 947.

¶ 0 **ORDER OF REINSTATEMENT TO OKLAHOMA BAR ASSOCIATION AND ROLL OF ATTORNEYS**

HARGRAVE, Chief J.

¶ 1 Petitioner, Tom L. Cross, was suspended from the practice of law for a period of eighteen (18) months by this Court on December 17, 1996. *State ex rel. Oklahoma Bar Association v. Cross,* 1996 OK 131, 932 P.2d 1107. His name was stricken from the Roll of Attorneys in 1997 for his failure to pay his Bar dues for the year 1996. Order of Sept. 8, 1997, S.C.B.D. No. 4181, 68 O.B.J. 2949 (Sept. 20, 1997). He now seeks reinstatement to membership in the Bar Associa-tion and requests that his name be added to the Roll of Attorneys.

¶ 2 In 1997 Petitioner admitted that he violated Rule 1.8(a) and (b) of the Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, when he borrowed money from a client without filing any documents to secure the client's interest and without advising the client to seek independent legal counsel to represent her in the transaction. *State ex rel. Oklahoma Bar Association v. Cross, supra.* Petitioner's suspension for eighteen (18) months would not, by itself, ordinarily require a Rule 11 reinstatement proceeding before a Trial Panel of the Professional Responsibility Tribunal. See 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.8, Rules Governing Disciplinary Proceedings. However, a trial panel proceeding is required when a lawyer's name is stricken from the Roll of Attorneys for nonpayment of dues. 5 O.S.2001 Ch. 1, App. 1, Art. 8 § 5; 5 O.S.2001 Ch. 1, App. 1–A, Rule 11.1. *See Matter of Reinstatement of Phillips,* 1996 OK 62, 919 P.2d 419, 420–421.

¶ 3 Rule 11.5 requires the Trial Panel to make findings as to (1) the good moral character of the applicant, (2) whether the applicant engaged in the unauthorized practice of law and (3) whether the applicant possesses the competency and learning in the law required for admission. *Matter of McConnel,* 1994 OK 107, 886 P.2d 471, 473. The Trial Panel made the following findings:

1. That Petitioner has not engaged in the practice of law in Oklahoma or any other state after his suspension by this Court.

2. That Petitioner completed 62.5 hours of continuing legal education in 1999 and 2001, and has kept himself informed on current developments of the law by reading the Oklahoma Bar Journal.

3. That Petitioner, if reinstated, will return to practicing law and will affiliate with a friend who practices law in Oklahoma.

4. That Petitioner called several witnesses to testify on his moral character, including friends, former co-worker and supervisor, a former client, and a lawyer.

Since 1999 Petitioner has also worked as a research assistant for a lawyer. The Trial Panel concluded that Petitioner had estab-

lished, by clear and convincing evidence, the requirements necessary for reinstatement.

¶ 4 In reinstatement proceedings, this Court sits in exercise of its exclusive original jurisdiction, and we use a *de novo* review of the record before us. *Matter of Reinstatement of McKenzie*, 1996 OK 72, ¶ 2, 925 P.2d 18, 19; *Matter of McConnel*, 1994 OK 107, 886 P.2d 471, 473. In a reinstatement proceeding after imposition of discipline we consider (1) the present moral fitness of the applicant, (2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession, (3) the extent of the applicant's rehabilitation, (4) the seriousness of the original misconduct, (5) the conduct subsequent to discipline, (6) the time that has elapsed since the original discipline, (7) the applicant's character, maturity, and experience at the time of discipline, and (8) the applicant's present competence in legal skills. *In re Reinstatement of Pearson*, 2000 OK 61, ¶ 3, 9 P.3d 692, 693 -694, *citing, Matter of Reinstatement of Kamins*, 1988 OK 32, ¶ 20, 752 P.2d 1125, 1130. Upon *de novo* review of the record we conclude that Petitioner has satisfied these requirements by clear and convincing evidence, except as to payment of costs in his disciplinary proceeding.

¶ 5 In *State ex rel. Oklahoma Bar Association v. Cross*, 1996 OK 131, 932 P.2d 1107, we said that "Respondent is ordered to pay costs in the amount of $834.58 within thirty (30) days of the date of this opinion." *Id.* 932 P.2d at 1110. Failure of a disciplined lawyer to pay assessed costs within ninety (90) days after this Court's order "shall result in automatic suspension from the practice of law until further order of the Court." Rule 6.16. The trial panel record herein, including Petitioner's application for reinstatement, is silent on whether costs were paid in S.C.B.D. No. 4162. The docket of this Court in S.C.B.D. No. 4162, does not show any filing by the Bar Association that Petitioner either paid, or did not pay, the costs assessed in that matter. We are of the opinion that a failure to pay the assessed costs in a prior disciplinary matter is relevant to reinstatement since it is an act that results in an automatic suspension from the practice of law. If Petitioner has not paid the costs assessed in S.C.B.D. No. 4162, he must do so prior to reinstatement.

¶ 6 In *Matter of Reinstatement of Phillips*, 1996 OK 62, 919 P.2d 419, we said that "When a member of the Bar Association is suspended for non-payment of dues that member may be reinstated upon payment of delinquent dues, expense charges, and dues for the current year." *Id.* 919 P.2d at 421. In discussing his finances Petitioner testified that "I have been able to pay my past dues back to the Bar or other cost." Tr. at 36. The *record is otherwise silent* on whether Petitioner paid his assessed costs, 1996 dues, or the dues for any year since 1996. In *Phillips* the Bar Association and the lawyer filed a joint stipulation stating the amount of delinquent dues. *Phillips*, 919 P.2d at 421. No such stipulation appears in the record of this proceeding. The application for assessment of costs by the Bar Association does not include any amounts for delinquent dues. The record is not clear and convincing that Petitioner has paid his delinquent dues.

¶ 7 We conclude that Petitioner has met his burden for reinstatement except as to showing payment of costs in S.C.B.D. No. 4162, and the amount of Bar Association dues he has paid, or will pay upon reinstatement. The Application to Assess Costs by the Bar Association in this proceeding is hereby granted. Rule 11.1. It is hereby ordered that Petitioner shall pay the amount of three-hundred and nineteen dollars and fifty-one cents ($319.51) to the Bar Association.

¶ 8 It is hereby ordered that, if not already paid, prior to reinstatement Petitioner shall pay the costs assessed in S.C.B.D. 4162. It is hereby ordered that, if not already paid, prior to reinstatement Petitioner shall pay the amount of his delinquent and current Bar Association dues to the Bar Association. Upon Petitioner's payment of the costs in S.C.B.D. No. 4162, the costs assessed herein, and delinquent and current dues required herein, the Executive Director of the Oklahoma Bar Association shall file in this proceeding a Notification that Petitioner has satisfied payment of costs and dues required by this Order. *Phillips*, 919 P.2d at 421. Petitioner shall be reinstated to membership

of the Bar Association and his name placed on the Roll of Attorneys upon the date the Executive Director files the Notification herein.

¶ 9 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20th DAY OF MAY, 2002.

¶ 10 ALL JUSTICES CONCUR.