2010 OK 43

**In the Matter of the REINSTATEMENT OF Diana Lynn MOORELAND–RUCKER, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 5494.**

Supreme Court of Oklahoma.

June 8, 2010.

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, Complainant.

Diana Lynn Mooreland–Rucker, Dallas, TX, Petitioner.

COLBERT, J.

## FACTS AND PROCEDURAL BACKGROUND

¶ 1 The facts are undisputed. Petitioner graduated from the University of Oklahoma School of Law on May 9, 1992. She was admitted to the OBA and her name was entered on the Roll of Attorneys on September 30, 1992, upon her successful completion of the Oklahoma Bar Examination.

¶ 2 Petitioner began employment with the United States Department of Justice, Office of the United States Trustee, in Texas in 1992. She was subsequently admitted to practice before the United States District Court for the Northern District of Texas, which included authorization to practice in the United States Bankruptcy Court for the Northern District of Texas.

¶ 3 In 2000, Petitioner left the U.S. Trustee's Office and established a regular law practice in Texas dedicated solely to the practice of bankruptcy law without being admitted to the Texas State Bar. The record is silent as to whether Petitioner previously sat for the Texas Bar Exam or whether she attempted to gain admittance upon motion pursuant to the Texas State Bar rules.

¶ 4 Petitioner had no offices in Oklahoma. She testified that her day-to-day practice activities included representing Texas consumer debtors in Chapters 7 and 13 bankruptcies in the Northern District of Texas Bankruptcy Court, but "never appeared in Texas state courts of any kind."

¶ 5 After a time, Petitioner ceased paying her OBA dues. She abandoned her law license and pursued a new career as a sales director for Mary Kay Cosmetics. Petitioner's membership to the OBA was stricken on July 2, 2007, and her name was removed from the attorney roster on September 15, 2008, solely for non-payment of dues. At the time of Petitioner's administrative suspension, Petitioner was not the subject of any disciplinary investigation or proceedings.

¶ 6 On January 7, 2009, Petitioner petitioned for reinstatement. At the hearing before the PRT, Petitioner introduced seven letters attesting to her good moral character

and records establishing 19 completed hours of continuing legal education, with a particular emphasis on bankruptcy law. Additionally, Petitioner paid the OBA $1,300.00 in delinquent dues and penalties on or about March 27, 2009.

¶ 7 Concerns were raised after Petitioner testified that she previously established a law practice in Texas and represented Texas debtors solely in bankruptcy court without being admitted to the Texas State Bar. The PRT's concerns were heightened after Petitioner testified that, if her petition is granted, she will reopen her Texas law office and resume representing Chapter 7 and Chapter 13 debtors. The PRT's presiding Master instructed Petitioner to submit a supplemental brief on whether Texas or any state, would consider Petitioner's actions to be the unauthorized practice of law. In response, Petitioner and the OBA joined in the submission of a supplemental brief outlining the split of authorities on the issue. The Texas Supreme Court however, has not addressed this issue.

¶ 8 After careful review of the record, the PRT concluded: (1) Petitioner has not filed a previous petition for reinstatement; (2) Petitioner possesses good moral character entitling her to readmission to the OBA; and (3) Petitioner did not engage in the unauthorized practice of law *during the period of suspension,* and "[s]ubject to the caveat discussed below, Petitioner has met her burden of proof by clear and convincing evidence of each of the requisites to reinstatement found in Rule 11.5 of the Rules Governing Disciplinary Proceedings." (emphasis added). Thus, Petitioner's reinstatement hinges on whether this Court finds the act of opening a private law office dedicated to federal bankruptcy law in Texas without being admitted to the Texas State Bar constitutes the unauthorized practice of law.

## STANDARD OF REVIEW

¶ 9 This Court exercises original jurisdiction and applies the de novo standard of review to all reinstatement proceedings. *In re Gassaway,* 2002 OK 48, ¶ 3, 48 P.3d 805, 806. As a condition precedent to reinstatement, a hearing must be held before the trial panel of the PRT. Rule 11.5, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1–A (2001). Following the hearing, the PRT shall file the hearing transcript and a report containing specific findings as to whether an applicant: (1) possesses good moral character entitling the applicant to readmission; (2) has not engaged in the unauthorized practice of law *during the period of suspension;* and (3) possesses the competency and learning in the law required for readmission to practice law in Oklahoma. *Id.* The burden however, is on the petitioner to establish these elements by clear and convincing evidence. *In re Pearson,* 2000 OK 61, ¶ 3, 9 P.3d 692, 694.

## EVIDENCE AND ANALYSIS

¶ 10 At the hearing before the PRT, Petitioner established by clear and convincing evidence that she has paid the required fees and penalties which formed the basis of her suspension. In addition, Petitioner submitted seven letters supporting her honesty, integrity, and high ethical standards. Petitioner also demonstrated that she has not practiced law since her suspension on July 2, 2007. Moreover, Petitioner has satisfied the procedural requirements for reinstatement. Petitioner complied with the notice requirements of Rules 11.1(a) and 11.3(b), RGDP; and no objections to her reinstatement were received. Lastly, Petitioner has not filed any applications for reinstatement prior to this proceeding and no funds were expended on her behalf from the Client Security Fund.

## AUTHORIZED OR UNAUTHORIZED PRACTICE OF LAW

¶ 11 This Court's inquiry, however, is not limited to whether the procedural requirements are met. In addition, this Court must look beyond the petition and consider Petitioner's past and stated future conduct in determining a petitioner's fitness for reinstatement—especially when such conduct may jeopardize Petitioner's good standing. The caveat the PRT observed centers around Petitioner's apparent practice of law in the State of Texas following her departure from the U.S. Trustee's Office and opening a Tex-

as law office dedicated to federal bankruptcy law without being admitted to the Texas State Bar.[1]

¶ 12 At the outset, it is important to make clear what this case is and is not. It is a case of an attorney who is not admitted to practice law in Texas but is holding herself out to the public as an attorney from a principal office in Texas.[2] This is not, however, a case involving an interstate partnership or association with practitioners whose principal offices are located in the state where the practitioners are licensed. In addition, this opinion in no way affects a licensed Oklahoma practitioner's right to practice before federal courts.

¶ 13 Petitioner maintains that this issue is one of federal, not state, concern because her practice is limited solely to federal law. Her position, in essence, splits the official admissions to practice into two components, federal and state. The Petitioner's federal argument rests on her authorization to practice before the United States District Court for the Northern District of Texas. The federal government is the conferring authority on the right to practice in *its* courts, *Sperry v. Florida ex rel. Florida Bar,* 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), which of course, is beyond the reach of any state. Clearly, that court controls whom it will authorize to practice before it[3] and limits a practitioner's legal services to those incidental to a specific or pending case in that court. *In re Peterson,* 163 B.R. 665, 673 (Bankr. D.Conn.1994); *see generally* Local Rules of the United States District Court for the Northern District of Texas. That limited right however, is not to be confused with a state's licensing of the right to practice law generally.

¶ 14 It is the scope of Petitioner's state activities that are the gravamen of this Court's and the PRT's concern. Petitioner believes that she is free to establish and practice from her principal office in Texas. Conceptually, this contention is not derived from the Northern District's limited grant of authority to appear on current, pending, or potential litigation in that tribunal. Rather, the ability to conduct business in this manner hinges on the substantive law Petitioner will utilize in a Texas debtor's case, thus invoking the purview of the state. While a state may not impinge upon a federally conferred right to practice law within a federal court, a state's compelling interests in regulating and controlling the general practice of law within its boundaries have not been surrendered. *See generally, Grace v. Allen,* 407 S.W.2d 321 (Tex.Civ.App.1966); *see also Palmer v. Unauthorized Practice Comm. of State Bar of Tex.,* 438 S.W.2d 374, 377 (Tex.Civ.App.1969) (noting that it is the state's duty to regulate the practice of law so as to promote the public's interest, safety, and welfare). In fact, bankruptcy courts look to state law to determine what constitutes the unauthorized practice of law. *In re Stacy,* 193 B.R. 31, 38 (Bankr.D.Or.1996) (holding that a non-attorney bankruptcy preparer who counseled and advised clients of their legal rights engaged

1. The general practice of law is limited to attorneys licensed in and recognized as members of the State Bar of Texas. *See Greenberg Traurig of New York, P.C. v. Moody,* 161 S.W.3d 56, 96 (Tex.App.2004). There are two authorized methods of engaging in the general practice of law in Texas: (1) satisfactorily completing the Texas Bar Examination as prescribed by Rule II of the Rules Governing Admission to the Bar of Texas, and (2) seek admission upon motion pursuant to Rule XIII of the Rules Governing Admission to the Bar of Texas, which exempts out-of-state practitioners from the Texas Bar Examination if certain qualifications enumerated therein are satisfied.

2. *Accord Office of Disciplinary Counsel v. Marcone,* 579 Pa. 1, 855 A.2d 654, 661 (2004) (concluding "that by [attorney's] maintenance of a law office, from which he holds himself out to the public and advises clients as to their legal rights, he has engaged in the practice of law....").

3. Civil Rule LR 83.7 of the Local Rules of the United States District Court for the Northern District of Texas, reads:

> Attorneys must fulfill the following requirements to be admitted to practice in this court: a. Eligibility for Admission. Any attorney licensed to practice law by the Supreme Court of Texas, or by the highest court of any state or the District of Columbia, may be admitted to the bar of this court if the attorney is of good personal and professional character and is a member in good standing of the bar where the attorney is licensed.

in the unauthorized practice of law as defined by the state of Oregon).

¶ 15 Texas has exercised its licensing authority and promulgated Rule 81.102(a) of the Texas Government Code, sharply limiting the practice of law to members of the Texas State Bar.[4] The practice of law generally is defined as the rendering of legal services for someone else. *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co., Inc.*, 261 S.W.3d 24, 36 (2008), *reh'g denied.* These services include, but are not limited to,

> the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court as well as a service rendered out of court, including the giving of advice or the rendering of any service requiring the use of legal skill or knowledge, such as preparing a will, contract, or other instrument, the legal effect of which under the facts and conclusions involved must be carefully determined.

*In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 770 (Tex.1999) (citing Tex. Gov't Code § 81.101(a)). Additionally, the judiciary has the power to determine whether other services and acts not enumerated constitute the practice of law. *Id.* at 771. Although section 81.101(a) defines what activities are considered the practice of law, guidance as to what constitutes an improper practice by an out-of-state practitioner is lacking. Thus placing out-of-state practitioners in peril of committing the unauthorized practice of law.

¶ 16 The Texas Unauthorized Practice of Law Committee (UPLC), together with the Texas Board of Law Examiners and the Texas courts, police the unauthorized practice of law within the borders of Texas. While these entities are empowered to assist the Supreme Court of Texas in determining whether violations have occurred, none of these entities are empowered to issue advisory opinions or make a formal determination as to what activities constitute the practice of law. *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d at 35; *see also In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d at 771–773. Injecting more confusion in the analysis is the lack of the Texas State Bar's disciplinary authority over out-of-state practitioners who are neither recognized members of the Texas State Bar nor specially admitted by a Texas state court on a particular proceeding. *See In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d at 771–773; *Greenberg Traurig of New York, P.C. v. Moody*, 161 S.W.3d 56, 96 (Tex.App.2004); *see also* V.T.C.A., Government Code Title 2, Subtitle G App. A, Disciplinary Procedure Rules 8.05. "Accordingly, the Out–of–State Attorney is not subject to disciplinary proceedings or actions by the State Bar of Texas if any of his [or her] activities in Texas violate the Texas Disciplinary Rules, including but not limited to the restrictions on advertising contained therein." Supreme Court of Texas Professional Ethics Committee, 1996 WL 277355 at *2 (1996).

¶ 17 The Professional Ethics Commission of the Supreme Court of Texas weighed in on the complexity of multi-state practices in Texas by out-of-state practitioners in 1996. *See* 1996 WL 277355. In that matter, a non-Texas lawyer sought to represent Texas immigrants solely before the United States Immigration and Naturalization Service and in federal courts. Among the questions presented was one concerning the non-Texas lawyer's ability to maintain a law practice within the borders of Texas. Without making a formal determination as to whether such conduct constituted the unauthorized practice of law in Texas, the Committee concluded that "[a]s a practical matter, it simply may not be possible to separate federal and state law issues when representing clients on matters under the United States Immigration and Nationality Act" and "representation that also involves advice or other legal services relating to matters of Texas law ...

4. *see also,* Tex. Gov't Code § 81.051(a). Compare sections 81.102(a) and 81.051(a) of the Texas Government Code with Texas Penal Code sections 38.122–38.123 (Vernon 2001). "The restrictions [contained in these provisions] are essentially the same...." *Unauthorized Practice of Law Comm. v. Am. Home Assur. Co.*, 261 S.W.3d 24, 51 (Tex.2008), *reh'g denied.* However, it should be noted that the class of violators contained in the penal provision categorically excludes lawyers. *Id.* at 45.

depending on the circumstances, constitute[s] the unauthorized practice of law in Texas ... regardless of whether the Out-of-State Attorney lives outside of Texas, lives in Texas, [or] maintains an office in Texas...." [5] *Id.* at *2–3; *see, e.g., In re Marcone,* 2008 WL 6041371 at *7 (E.D.Pa.2008) (holding that "an attorney whose practice is limited to a federal court, and who is not admitted to practice in the state in which that court sits, may not engage in client triage, i.e., such an attorney cannot advise a potential client whether his or her matter should be brought in federal or state court"); *Office of Disciplinary Counsel v. Marcone,* 579 Pa. 1, 855 A.2d 654, 665 (2004).

¶ 18 Although Texas has declined to exercise jurisdiction over out-of-state practitioners like the Petitioner in this case, this Court's disciplinary authority is far-reaching and permits this Court to exercise jurisdiction over Oklahoma Bar members regardless of where the lawyer's conduct occurs. *See* RGDP Rule 1.1, Okla. Stat. tit. 5, ch. 1, app. 1–A (2001) [6]; *see also* ORPC Rule 8.5(a), Okla. Stat. tit. 5, ch. 1, app. 3–A (2001).

¶ 19 Based on Petitioner's conduct prior to her administrative suspension, it appears her actions ran afoul of ORPC Rule 5.5, which governs the unauthorized practice of law in the context of multi-jurisdictional practice. Rule 5.5(a) mandates that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so." Okla. Stat. tit. 5, ch. 1, app. 3–A (Supp. 2002). First, Petitioner is not admitted to practice in Texas where she established a continuous and systematic presence via her only office. Second, the legal services which Petitioner rendered can hardly be deemed limited to federal law given the fact that bankruptcy law is inextricably intertwined with state law. Third, the act of assessing the legal position of Texas debtors through analysis, interview, or explanation of legal rights and then representing only those clients whose cases squarely fit within the federal court's jurisdiction is no shield against Petitioner's unauthorized activities within Texas.

¶ 20 When a debtor first seeks financial triage, a practitioner must explore all viable options since bankruptcy may not be in the best interest of the debtor. That assessment implicates numerous state law issues, including the strength of the creditors' claims and any defenses, other forms of debt relief, state foreclosure proceedings, and resolving the ultimate issue: to file or not to file, and the accompanying consequences. *Att'y Grievance Comm'n of Md. v. Harris–Smith,* 356 Md. 72, 737 A.2d 567, 573 (1999). Absent the knowledge of state law issues, a lawyer cannot competently advise the debtor and the lawyer may be influenced to tilt his advice toward filing for bankruptcy. Charles W. Wolfram, *Sneaking Around in the Legal Profession: Inter-jurisdictional Unauthorized Practice by Transactional Lawyers,* 36 S. Tex. L.Rev. 665, 698 (1995) ("such a lawyer would be motivated to cant advice artificially in the safe direction-away

5. [It] simply may not be possible to separate federal and state law issues ... [f]or example, Texas law governing family matters such as marriage, divorce and adoption may be determinative in certain immigration cases; likewise, immigration law questions may necessarily involve giving advice on Texas criminal law statutes, Texas employment laws, or other Texas law. Accordingly, the risk of engaging in the unauthorized practice of law in Texas inevitably increases with the number of immigration and nationality cases handled by [an] Out-of-State Attorney.

1996 WL 277355 at *2.

6. Rule 1.1 governs this Court's jurisdiction and provides:

This Court declares that it possesses original and exclusive jurisdiction in all matters involving admission of persons to practice law in this State, and to discipline for cause, any and all persons licensed to practice law in Oklahoma, hereinafter referred to as lawyers, and any other persons, corporations, partnerships, or any other entities (hereinafter collectively referred to as "persons") engaged in the unauthorized practice of law. This Court further declares that a member of the Bar of this State may not take unto himself any office or position or shroud himself in any official title which will place him beyond the power of this Court to keep its roster of attorneys clean. In the exercise of the foregoing jurisdiction, this Court adopts and promulgates the following rules which shall govern disciplinary and unauthorized practice of law proceedings.

from local law and toward 'authorized law....' ").

¶ 21 ORPC Rule 8.5(b)(2) governs the choice of law when an Oklahoma practitioner's conduct gives rise to disciplinary actions in another jurisdiction. That rule provides that "the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct." This Court finds that the State of Texas has not addressed the issue as to what constitutes an improper practice by an out-of-state lawyer who is not licensed within that state. This Court further finds that Petitioner's prior conduct is a violation of the Oklahoma Rules of Professional Conduct.[7]

¶ 22 "The nondelegable, constitutional responsibility to regulate both the practice and the ethics, licensure, and discipline of the practitioners of the law is solely vested in this Court." *State ex rel. Okla. Bar Ass'n v. Farrant,* 1994 OK 13, ¶ 18, 867 P.2d 1279, 1287. Therefore, because Texas has not addressed this issue, this Court declines to extend discipline pursuant to a Rule 11 adjudication. Accordingly, today's decision calls for prospective application concerning the unauthorized practice of law in the multijurisdictional context.

## CONCLUSION

¶ 23 The Petitioner has advised, under oath, that she intends to resume the same activities. The Petitioner is warned that this conduct in the future would constitute the unauthorized practice of law and would warrant disciplinary action. Effective upon the payment of $533.03, the costs incurred in this reinstatement proceeding, it is ordered that petitioner, Diana Lynn Mooreland–Rucker, be reinstated to membership in the OBA and her name placed on the Roll of Attorneys licensed to practice law in Oklahoma. It is further ordered that Petitioner shall pay said costs and current membership dues within twenty days from the date this opinion is filed with the Clerk of this Court.

PETITION FOR REINSTATEMENT GRANTED UPON PAYMENT OF DUES AND COSTS.

CONCUR: EDMONDSON, C.J.; HARGRAVE, KAUGER, WINCHESTER, COLBERT, REIF, JJ.

DISSENT: TAYLOR, V.C.J.; OPALA, WATT, JJ.

Taylor, V.C.J., dissenting:

I would not simply advise the Petitioner that her clearly stated future plans would be the unauthorized practice of law. I would deny her reinstatement due to her admitted past conduct that clearly constituted the unauthorized practice of law.

WATT, J., dissenting:

I would deny the Petitioner's Application for Reinstatement.

OPALA, J., dissenting

¶ 1 Petitioner for reinstatement seeks renewal of her Oklahoma license for use collateral to that which the license is to serve. Its legal purpose is to authorize a person to practice law in Oklahoma. She seeks it to serve as primary state bar membership for needed legal support of her federal bankruptcy practice in Texas. In my view, an Oklahoma license to practice law should not be issued when it is apparent that the applying licensee's Texas bankruptcy practice has **no proven nexus** to a sustained stream of Oklahoma clientele.

¶ 2 I must therefore recede from today's reinstatement of petitioner's Oklahoma license to practice law.

7. ORPC Rule 8.5(a) addresses the discipline authority of this jurisdiction. This rule states, "[a] lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs.... A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct."