**In the Matter of the REINSTATEMENT OF Edwin H. CRABTREE, III to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 3638.**

Supreme Court of Oklahoma.

May 30, 1990.

Thomas R. Riesen, Oklahoma City, for Oklahoma Bar Ass'n.

Edwin H. Crabtree, Denver, Colo., pro se.

SUMMERS, Justice:

This is an application for reinstatement of an attorney who was suspended from the practice of law after being convicted of federal income tax evasion. The Professional Responsibility Tribunal unanimously recommended that the attorney be reinstated. The Oklahoma Bar Association joins in that recommendation. We agree and order reinstatement.

Edwin H. Crabtree, III, was admitted to the Oklahoma Bar Association in April, 1973. He was also admitted to the United States Patent and Trademark Office. From 1973 to 1986 his practice of law concentrated on the area of patents and trademarks. In 1986 Crabtree was convicted of income tax evasion in violation of 26 U.S.C. § 7201, and sentenced to three years incarceration. After the conviction he was suspended from the practice of law for three years, effective August 11, 1986, by order of this Court. *See State ex. rel Oklahoma Bar Ass' v. Crabtree*, S.C.B.D. # 3346, O.B. A.D. # 740.

At the hearing on reinstatement, the panel determined that except for this suspension, petitioner had not been disbarred from the Oklahoma Bar Association, or any other state or federal bar association. Nor had he resigned from any other bar association pending investigation or disciplinary proceedings in the past five years. After his release from incarceration petitioner has continued his legal education by working as a paralegal for two different lawyers, and by attending several different seminars for CLE credit. At the hearing two attorneys testified as character witnesses on his behalf. Both attorneys felt that petitioner had straightened out his past problems and was competent to practice law.

Upon questioning, the panel determined that petitioner had fully satisified his financial obligation to the Internal Revenue Service including penalties and interest, and that he is currently making provision for repayment to the state of Kansas if it is determined that he has liability in that state. The panel also found that there was no evidence to suggest that petitioner does not presently possess good moral character, nor had practiced law during the period of suspension.

■ We have exclusive original jurisdiction over petitions for reinstatement, *In re Reinstatement of Elias,* 759 P.2d 1021, 1022 (Okla.1988), and make an independent review of the evidence submitted to the trial panel. *In re Reinstatement of Floyd,* 775 P.2d 815, 816 (Okla.1989). Upon review, we must consider: (1) the present moral fitness of the petitioner, (2) the petitioner's demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the legal profession, (3) the extent of his rehabilitation, (4) the seriousness of the original misconduct, (5) his conduct subsequent to discipline, (6) the time which has elapsed since the original discipline, (7) the petitioner's character, maturity and experience at the time of disbarment, and (8) his present competence in legal skills. *In the Matter of Kamins,* 752 P.2d 1125, 1130 (Okla.1988).

■ We agree with the panel that petitioner presently possesses the moral fitness to practice law. Petitioner appears to recognize the seriousness of his error in failing to pay income taxes, and has made full reinbursement to the federal government. He has sought the services of an accountant and a tax attorney to insure that tax problems do not recur. He has become actively involved in church activities and civic organizations. One attorney testifying on petitioner's behalf stated that petitioner's attitudes and methods had changed for the better since facing this criminal charge. Petitioner has also remained current with respect to the changes in his area of interest, patent and trademark law. In addition to working as a paralegal, he started a business dealing with patents and trademarks, which necessarily required that he remain current as to new developments in this area.

Having reviewed the evidence, we conclude that Edwin H. Crabtree, III, has met his burden of showing by clear and convincing evidence that he possess the moral character required of a member of the Bar, as well as the competence to engage in the practice of law without examination. *See Elias,* 759 P.2d at 1022. We also find that the record shows petitioner has not engaged in the unauthorized practice of law. Accordingly, the recommendation of the panel will be followed, and petitioner shall be reinstated.

IT IS ORDERED that petitioner, Edwin H. Crabtree, III, is reinstated to membership in the Oklahoma Bar Association and to the Roll of Attorneys, effective upon the payment of costs in the amount of $412.31.

All Justices concur.