2002 OK 48

In the Matter of the REINSTATEMENT OF John Michael GASSAWAY to Membership in The Oklahoma Bar Association and in The Roll of Attorneys.

No. S.C.B.D.4609.

Supreme Court of Oklahoma.

June 4, 2002.

## ORDER OF REINSTATEMENT TO OKLAHOMA BAR ASSOCIATION AND ROLL OF ATTORNEYS

¶1 John Michael Gassaway [applicant] was convicted on May 17, 1995 in the United States District Court for the Western District of Oklahoma of one count of making a false statement on a tax return. His resignation from the Oklahoma Bar Association [OBA] pending disciplinary proceedings ensued. By order dated July 18, 1995 the Court approved his resignation and struck his name from the Roll of Attorneys. He served his federal sentence; waited (in excess of) the rule-mandated five years;[1] and now seeks (a) reinstatement to OBA membership and (b) his name added to the Roll of Attorneys.

¶2 Applicant's petition and proffered evidence were considered by the Trial Panel of the Professional Responsibility Tribunal [PRT] at a November 6, 2001 reinstatement hearing. After receiving the testimony of various lawyers, friends and other accounting, medical and legal professionals and in accordance with R.G.D.P. 11.5's mandate the Trial Panel made the following findings: (1) Mr. Gassaway now possesses that degree of good moral character which would entitle him to reinstatement; (2) he has not engaged in the unauthorized practice of law during the period of his suspension; (3) he has demonstrated that degree of legal competency required for admission to the Bar, having completed sixty-six (66) hours of Continuing Legal Education courses since 1996; (4) he is contrite about his wrongful conduct and is remorseful for the disrepute which it brought upon the profession; and (5) he has scrupulously adhered to the restrictions placed upon the conduct of law clerks—one of the employment venues pursued by Mr. Gassaway upon his release from prison in 1996—so

---

1. R.G.D.P. 11.1(e) requires that one—who has resigned pending disciplinary proceedings—shall not be readmitted to OBA membership for five years *following the effective date* of the Court's order accepting the resignation.

as to avoid all appearance that he was engaging in the unauthorized practice of law. The Trial Panel also found that Mr. Gassaway repaid all delinquent taxes owed and had otherwise resolved his problems with the Internal Revenue Service. After consideration of the adduced evidence the PRT strongly recommended the applicant's reinstatement.

¶3 When in the exercise of its exclusive jurisdiction the Court considers a petition for reinstatement, it does so under a *de novo* standard of review.[2] We are guided in the assessment of Mr. Gassaway's petition by consideration of the eight factors identified in *Matter of Reinstatement of Kamins*, 1988 OK 32, 752 P.2d 1125, 1130. There the following were determined to be relevant in determining fitness for readmittance: (1) applicant's present moral fitness, (2) demonstrated consciousness of his conduct's wrongfulness and the disrepute which it has brought upon the profession, (3) the extent of petitioner's rehabilitation, (4) the original misconduct's seriousness,[3] (5) applicant's conduct after suspension, (6) the elapsed time since the applicant's discipline, (7) applicant's character, maturity and experience when he was suspended, and (8) present legal competence. Upon de novo review the Court concludes the record demonstrates that applicant has by clear and convincing evidence satisfied the above-enunciated criteria for reinstatement.

¶4 In response to the Court's May 20, 2002 order and in satisfaction of R.G.D.P. 11.1(b)'s requirements applicant has shown that he has repaid all funds which the Client Security Fund earlier expended on his behalf. Further, by his notice filed on January 18, 2002 applicant shows that in accordance with R.G.D.P. 11.1(c)'s terms he has paid all costs associated with processing his reinstatement application.

¶5 While Mr. Gassaway's felony conviction indeed brought disrepute upon the profession, the record demonstrates that he has admitted publically the error of his behavior and fully accepted responsibility for the consequences of his criminal acts.[4] He also has retained the services of an accountant to assist him in the management of his income and to insure that future tax problems do not arise. Mr. Gassaway has rehabilitated himself to a point where those testifying on his behalf commended his maturation and moral growth. The evidence shows that by his conduct over the time since his conviction Mr. Gassaway has reconstructed his life and rededicated himself to the principles of honesty and commitment to community necessary to garner public trust. The PRT's recommendation is accepted. Petitioner shall be reinstated to membership in the Oklahoma Bar Association and his name placed on the Roll of Attorneys.

¶6 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 3rd DAY OF JUNE, 2002.**

¶7 ALL JUSTICES CONCUR.

---

2. *Matter of Reinstatement of Smith*, 1994 OK 19, 871 P.2d 426, 427.

3. *See Matter of Reinstatement of Crabtree, III*, 1990 OK 49, 793 P.2d 296. There the Court ordered reinstatement of an attorney who had been convicted of federal income tax evasion. The Court notes that the crime for which Mr. Gassaway was convicted did not stem from abuse of his position as an attorney.

4. In his testimony applicant acknowledged that the blame for his misconduct rested solely with himself and not upon his clients, extensive practice or anything else.