2004 OK 31

**STATE of Oklahoma, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Dochele BURNETT, Respondent.**

**No. SCBD 4715.**

Supreme Court of Oklahoma.

May 11, 2004.

Allen J. Welch, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Robert P. Hall, Jackson, Hall & Associates, Oklahoma City, OK, for Respondent.

HARGRAVE, J.

¶ 1 The Complainant, Oklahoma Bar Association (Bar Association/General Counsel), charged the Respondent, Dochele Burnett, (Burnett) with a violation of Rules 1.1, 1.3, 1.4, 3.2, 5.5 7.1(a)(1) and 7.5(b) of the Rules of Professional Conduct and Rule 7.7(a) of the Rules Governing Disciplinary Proceedings, 5 O.S. ch. 1 app. I–A (2001).

¶ 2 The Professional Responsibility Tribunal (PRT) adopted the submitted stipulations of fact and conclusions of law as part of its findings. A review of the record reveals the stipulated facts and conclusions of law to be accurate. The stipulations reflect that Burnett has been a member of the Oklahoma Bar Association since 1984, and has not been previously disciplined. Costs of $774.89 may properly be imposed. Rules Governing Disciplinary Proceedings, Rule 6.16, 5 O.S. Ch. 1, App. 1–A.(Supp.1997)

¶ 3 The conclusion of law to which the panel agreed was that the respondent's conduct violated Rules 1.1, 1.3, 1.4, 7.1 and 7.5, Rules of Professional Conduct, 5 O.S. Ch. 1, App. 3–1 (2001), as well as rule 7.7(a) of the Rules Governing Disciplinary Proceedings, 5 O.S. ch. 1 app. I–A (2001) which, if proved, is cause for professional discipline as provided in the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A (2001). The tribunal recommended discipline of private reprimand.

### *FACTS*

#### Count I

¶ 4 Burnett is a 1973 graduate of Howard University. She received her law degree from Oklahoma City University College of Law in 1982 and was admitted to practice in Oklahoma in 1984. Thereafter, Burnett practiced in Oklahoma, as an employee of, and under the supervision of others, until 1987 when she moved to California. She relocated from California to Austin, Texas in 1994 where she worked for attorney Bryant Berry whose practice was limited primarily to bankruptcy, although during the time Burnett worked for Berry he was completing some personal injury cases for another attorney who had retired. Burnett worked for Berry until 1998 when he too retired and sold his practice to Burnett. Burnett is licensed to practice only in Oklahoma and has never been admitted in either California or Texas.

¶ 5 In June 1999, after she had acquired Berry's bankruptcy practice, Burnett filed a Chapter 13 bankruptcy for Leonard and Ellen Westra in the United States Bankruptcy Court for the Western District of Texas (Austin Division). Shortly thereafter, Leonard Westra deserted his family, making Chapter 13 impracticable, so the bankruptcy was voluntarily dismissed. Even though she was delinquent in her loan payments, Ellen Westra wanted to retain her car and her residence, so she hired Burnett to file a second Chapter 13 bankruptcy for her. The voluntary Chapter 13 petition was filed in August 1999 but Westra's Schedules of Assets and Liabilities, prepared under Burnett's supervision, were incorrect in several material aspects.

¶ 6 The original Chapter 13 plan filed by Burnett provided that the future car payments were to be made by Westra directly to Mazda American Credit, the secured party, and that only those payments in arrears at the time of the bankruptcy filing would be paid by the trustee under the Plan. Those car payments were not made, however, because Westra thought that the payments to Mazda American Credit were all being made by the Chapter 13 trustee under the Plan. Due to this deficiency, Mazda American Credit filed a motion to modify automatic stay so that it could repossess the vehicle. Westra accompanied Burnett at the hearing on the motion but Burnett advised Westra that she did not have to remain for the hearing. Burnett thereupon negotiated a settlement with Mazda American Credit on behalf of her client but did so without Westra's knowledge or consent. Under the terms of the settlement, Burnett agreed to file a modified Chapter 13 Plan that provided for the payment of Mazda

American Credit's secured claim. Burnett failed to file an amended Chapter 13 Plan and consequently, Westra's vehicle was repossessed.

¶ 7 Westra later hired an different lawyer to represent her in the Chapter 13 bankruptcy. Through the new attorney, Westra filed a motion to examine Westra's prior transactions with Burnett. After a hearing on April 25, 2000, the Bankruptcy Court entered a Memorandum Opinion on May 17, 2000. In that Opinion, the Judge found that Burnett "had little, if any, concern either for the accuracy of her work or for the fervent pursuit of the protection of the rights of her client" and that "her actions show incompetence." The Judge also found that Burnett "appears to have a basic ignorance of bankruptcy law and procedure and an alarmingly nonchalant attitude about the plethora of mistakes she made in this case," and that Burnett committed "rank malpractice" by not getting Westra's consent to the settlement she reached with Mazda American Credit. As a result, the court ordered Burnett to repay the $900.00 fee paid to her by Westra and referred the matter to the grievance/admissions committee of the United States District Court for the Western District of Texas.

¶ 8 On August 21, 2001, the admissions committee issued its final recommendations which were adopted by the Bankruptcy Court in a General Order dated September 24, 2001. Burnett's continued ability to practice law in the Bankruptcy Court was conditioned upon her compliance with the following requirements: "[T]aking the MPRE examination given by the State Bar of Texas on August 10, 2001 and becoming licensed to practice law by the State of Texas no later than February 10, 2002, consulting with the Law Office Management Program of the State Bar of Texas no later than November 21, 2001, taking 15 hours of continuing legal education (non self-study) by no later than November 21, 2001 and providing proof thereof within a one-month period thereafter, and other CLE requirements as stated in such recommendation." On March 21, 2002, the Bankruptcy Court entered an order rescinding Burnett's privilege to practice law for failure to comply with the conditions established in the August 21, 2001 order by failing to consult with the Law Office Management Program of the State Bar of Texas and by failing to become admitted to practice in the State of Texas by February 10, 2002. The United States District Court for the Western District of Texas likewise entered an order on March 26, 2002, removing Burnett's name from the list of attorneys authorized to practice in that court.

## Count II

¶ 9 While under the employ of Berry, Burnett assisted in the representation of clients in personal injury cases by negotiation settlements. Burnett, purportedly with Berry's authorization, also signed Berry's name on a Petition to initiate a personal injury lawsuit in the Court of Travis County, Texas. The signature block on the Petition inappropriately included Burnett's name even though she was not and is not admitted to practice in Texas. Next to Burnett's name was her Oklahoma Bar Number. The Grievance Committee for the State Bar of Texas, on June 17, 1997, in a proceeding involving Berry, found that he "assisted a person who is not a member of the State Bar of Texas in the performance of activity that constitutes the unauthorized practice of law." Until sometime after June 1997, Burnett used Berry's letterhead which included Burnett's name but failed to reflect that she is only admitted to practice in Oklahoma. Burnett ceased using the letterhead only when her employer, Berry agreed in a proceeding against him before the Grievance Committee of the Texas State Bar to stop doing so and further agreed to a six-month suspension of his license to practice law. Burnett later agreed with the State of Texas Unauthorized Practice of Law Committee, as documented by a letter dated November 4, 1998, to cease the unauthorized practice of law.

## Count III

¶ 10 Burnett failed to notify the Oklahoma Bar Association of her disbarment by the Bankruptcy Court and the United States District Court for the Western District of Texas. She also failed to report to the Oklahoma Bar Association that she had acknowl-

edged to the Texas State Unauthorized Practice of Law Committee that she had engaged in the unauthorized practice of law and that she agreed to refrain from doing so.

■ ¶ 11 Although we give the trial panel's recommendations great weight, we are obligated to consider the evidence *de novo* and reach our own conclusions as to the discipline to be imposed. *State ex rel. Oklahoma Bar Association v. Miskovsky,* 1992 OK 40, 832 P.2d 814, 817. This Court, after reviewing Burnett's testimony, considering the Stipulations submitted by the parties, and considering the arguments made by counsel, find that Burnett, did not competently represent Westra in her Chapter 13 bankruptcy case, thereby violating Rule 1.1 of the Oklahoma Rules of Professional Conduct.[1] Next, we find that Burnett violated rule 1.3 of the Oklahoma Rules of Professional Conduct[2] by not timely amending Westa's Chapter 13 plan, thus not acting with reasonable diligence. Additionally, we find that Burnett violated rule 1.4 of the Oklahoma Rules of Professional Conduct,[3] by failing to obtain her client's consent to the settlement with Mazda American Credit and by not informing her client of the settlement.

¶ 12 We also conclude that Burnett misled the public, her clients and other attorneys by not indicating on her letterhead in the bankruptcy petition and the personal injury petition that she was only licensed in Oklahoma, thus violating Rules 7.1(a)(1)[4] and 7.5(b)[5] of the Oklahoma Rules of Professional Conduct.

¶ 13 Finally, we conclude that Burnett violated rule 7.7(a) of the Rules Governing Disciplinary Proceedings[6] by failing to notify the Oklahoma Bar Association of her disbarment by the United States Bankruptcy Court and the United States District Court for the Western District of Texas, as well as her acknowledgment to the state of Texas Unauthorized Practice of Law Committee that she had engaged in the unauthorized practice of law.

■ ¶ 14 Burnett has shown that she has not been previously disciplined by the Supreme Court of Oklahoma or, excluding the present matter, has she ever been the subject of an investigation by the Office of General Counsel. She has also incurred penalties and sanctions in federal courts and in the state of Texas. The PRT found Burnett to be well intended, that she fully cooperated in these proceedings and fully disclosed pertinent information, but that she "clearly suf-

---

1. 5 O.S.Chapter 1, App. 3–A Rule 1.1. Competence.

   A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

2. 5 O.S. Chapter 1, App. 3–A Rule 1.3. Diligence

   A lawyer shall act with reasonable diligence and promptness in representing a client.

3. 5 O.S.Chapter 1, App. 3–A Rule 1.4. Communication

   (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

4. 5 O.S.Chapter 1, App. 3–A Rule 7.1. Communications Concerning A Lawyer's Services

   (a) A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it is:
   (1) a communication which contains a material misrepresentation of fact or law, or omits *information necessary to make the communication, considered as a whole, not materially misleading.*

5. 5 O.S.Chapter 1, App. 3–A Rule 7.5. Firm Names And Letterheads

   (b) A law firm with offices in more than one jurisdiction may use the same name in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those *not licensed to practice in the jurisdiction where the office is located.*

6. 5 O.S.Chapter 1, App. 1–A § 7.7. Disciplinary Action in Other Jurisdictions, as Basis for Discipline.

   (a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

fers from a lack of adequate supervision and training." We agree with these findings and conclude that the appropriate punishment be a public reprimand.

¶15 The Oklahoma Bar Association has also moved that costs of this proceeding be assessed against the Respondent, and the Respondent should be ordered to pay such costs, totaling $774.89 within ninety days after this opinion is final.

**RESPONDENT IS PUBLICLY CENSURED AND ORDERED TO PAY THE COSTS OF THIS DISCIPLINARY PROCEEDING IN THE AMOUNT OF $774.89, WITHIN NINETY (90) DAYS FROM THE DATE THIS OPINION BECOMES FINAL.**

¶16 ALL JUSTICES CONCUR.