**2008 OK 49**

**In the Matter of the REINSTATEMENT OF Dochele BURNETT Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**SCBD No. 5325.**

Supreme Court of Oklahoma.

May 20, 2008.

Dochele Burnett, Oklahoma City, Petitioner pro se.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, for Respondent.

EDMONDSON, V.C.J.

¶ 1 Dochele Burnett has petitioned for reinstatement to membership in the Oklahoma Bar Association (OBA) and to the Roll of Attorneys, pursuant to Rule 11 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2001, Ch. 1, App. 1–A (RGDP). The OBA investigated and the Professional Responsibility Tribunal (PRT) held hearings on December 4, 2007 and January 22, 2008.

¶ 2 On February 20, 2008, the PRT filed in this Court its Report of the Trial Panel, which included three critical findings: (1) clear and convincing evidence has been presented that the Petitioner possesses the good moral character entitling her to be readmitted; (2) clear and convincing evidence has been presented that the Petitioner has not engaged in the unauthorized practice of law since her resignation; and (3) the Petitioner has failed to prove by clear and convincing evidence that she possesses the necessary competency and learning in the law required for readmission to practice.

¶ 3 Because the Petitioner's application for reinstatement results from her name being stricken in 2004 for nonpayment of 2003 dues and noncompliance with Mandatory Continuing Legal Education (CLE) requirements, those three factors constitute her standards of proof: good moral character, no unauthorized practice of law, and competency and learning in the law. Rule 11.5, RGDP. The OBA stipulated to all three and on March 20, 2008 filed in this Court with the Petitioner a Joint Brief and Waiver of Further Briefs in which the parties agree that all requirements for readmission are met, provided Petitioner (1) reimburse the OBA for $1,016.17 in costs; (2) pay past bar dues and penalties totaling $1,150.00, which it appears she has already done; and, if readmitted, pay dues and complete CLE as required for 2008.

¶ 4 The PRT adopted the submitted stipulations of fact and conclusions of law as part of its findings, with the sole exception of competency and learning in the law. Our review of the record reveals the stipulated facts and conclusions of law to be accurate. Such review was conducted under standards consistently maintained from *Application of Sharpe*, 1972 OK 92, 499 P.2d 406, through *Matter of Reinstatement of Pate*, 2008 OK 24, 184 P.3d 528, which require no further exposition here. Because the solitary issue in contention is that of legal learning and competency, we delineate the pertinent evidence and record as is necessary.

¶ 5 In support of its lone departure from the parties' stipulations, the PRT reported to us that 'the Tribunal cannot ignore the fact that the Petitioner was the subject of professional discipline in 2004, and the specific findings that were made in that proceeding, see *Oklahoma Bar Ass'n v. Burnett, supra,* particularly those dealing with Petitioner's "lack of adequate supervision and training." ' Nor should it have been ignored. *State ex*

*rel. Oklahoma Bar Ass'n v. Burnett*, 2004 OK 31, 91 P.3d 641, imposed on the Petitioner a public censure for (1) her mishandling of a bankruptcy case in Texas in 1999 which led to her name being removed from the list of lawyers admitted to the Western District of Texas federal court and its bankruptcy court, (2) unauthorized practice of law in Texas in 1997 in a personal injury case under the authority of her employer, and (3) failure to advise the OBA of the Texas federal sanctions. The opinion in that case sufficiently recounts the legal background of the Petitioner up to that point.

¶6 On May 11, 2004, it was indeed our view that Petitioner "clearly suffers from a lack of adequate supervision and training." *Id.* at § 14. Consequently, we determined that public censure was appropriate rather than the private reprimand recommended by the OBA and the PRT. While we give great weight to the Report of the Trial Panel, we are puzzled by its apparent fealty to our view of four years ago when all of the evidence since shows that Petitioner has rehabilitated herself and is competent to practice law in Oklahoma.

¶7 In evaluating the legal competency required for admission to the Bar, each case turns on it own merits, though fairness and consistency are thought desirable. *Compare, e.g., Matter of Reinstatement of Gassaway*, 2002 OK 48, 48 P.3d 805 (completion of sixty-six (66) hours of CLE over a period of nearly six years held adequate to demonstrate competency) *with In re Reinstatement of Massey*, 2006 OK 21, 136 P.3d 610 (complete dearth of evidence of legal skills warrants denial of reinstatement when considered with serious nature of misconduct).

With regard to Petitioner, the evidence includes the following:

A. In 2005, she successfully completed courses required for a Texas real estate license, involving 30 hours of agency law, 30 hours of contract law, and 60 hours of real estate principles.

B. Since the Spring of 2007, she has privately subscribed to and regularly read the Oklahoma Bar Journal.

C. Since September 13, 2007, she has expended $750.00 to complete 30.5 hours of CLE, including 3 hours of ethics.

D. District Judge Kenneth C. Watson, of Oklahoma's Seventh Judicial District testified during Petitioner's December PRT hearing and wrote in her behalf of her work for him at his law practice 1984–87, describing her as a "bright and a zealous practitioner of the law .... tireless in her efforts to research the law .... an asset to the community in whatever legal position she assumes."

E. Dr. Georgette Hardy DeJesus, Executive Director of the Pre–College Programs in Undergraduate Studies for the University of Maryland, also testified for Petitioner, offering as well a letter describing her as "a highly competent individual who is always professional, courteous and honest ....an asset to the profession of law and (who) will make valuable contributions."

F. Clovis L. Prince, President and CEO of Prince & Associates, Dallas, Texas, described Petitioner by letter as his Assistant Vice President in charge of overall operations, later promoted to Vice President of Telecommunications and Real Estate, writing that she "performed in an excellent manner .... is very intelligent and an extremely hard worker."

G. Walter M. Gilcrease of Oklahoma City wrote the OBA, describing himself as "involved with the legal profession for fifty one (51) years through my employment with insurance companies and private law firms" and Petitioner as exemplifying "good moral character, compassion and qualities that I believe would be beneficial as a member of the Oklahoma Bar."

H. James B. McMillan, President Emeritus of the Black American Political Action Committee of Contra Costa County (California), wrote of Petitioner's service "as one of my legal advisors during my service as a Richmond City Councilman." He said she "served as an administrative aide to former State Senator Don Boatwright with great distinction. She is organized, efficient and very competent."

I. Bob G. Carpenter of the Oklahoma City law firm of Carpenter & Hutter gave

evidence supporting reinstatement in the form of a letter to OBA Assistant Counsel Jan Hubbard that Petitioner had been hired as a legal assistant and "is and always was a bright, thoughtful and conscientious practitioner of the law." He added, "I am delighted to have her back and we expect her to be a great asset to our practice. Upon her reinstatement, she will become an Associate Attorney in our office."

¶ 8 None of this evidence was contradicted or impeached. Clearly and convincingly, it justifies the conclusion that Petitioner has improved to the degree of competency required since her 1984 admission to practice in Oklahoma and particularly since her 1997 and 1999 Texas sufferings from inadequate supervision and training. The parties contend correctly that prior discipline does not preclude reinstatement, citing *Matter of Reinstatement of Johnston*, 2007 OK 46, 162 P.3d 922; they then submit that Petitioner "should not be disciplined twice for the previous acts by receiving a public reprimand and now by having her application for reinstatement denied based upon these same previous acts." Joint Brief, p. 9. Strictly speaking, a denial of reinstatement is not further discipline; however, under the circumstances and the record of this case, we think they have a point.

¶ 9 The Petition for Reinstatement of Dochele Burnett to Membership in the Oklahoma Bar Association and the Roll of Attorneys is hereby GRANTED. Costs in the amount of $1,016.17 and unpaid Bar dues and penalties, if any, are to be paid within ninety days from the date this opinion becomes final.

¶ 10 WINCHESTER, C.J., EDMONDSON, V.C.J., HARGRAVE, OPALA, KAUGER, WATT, COLBERT, JJ., Concur.

¶ 11 TAYLOR, J., Dissents.

¶ 12 REIF, J., Not Participating.