2015 OK 60

**In the Matter of the REINSTATEMENT OF James David OGLE to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD 6160.**

Supreme Court of Oklahoma.

Oct. 6, 2015.

Mack K. Martin and G. Derek Chance, Oklahoma City, Oklahoma, for Petitioner.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

COLBERT, J.

¶1 James David Ogle (Petitioner) seeks reinstatement to the Oklahoma Bar Association after being suspended for two years and one day in summary disciplinary proceedings, pursuant to Rule 7.1 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1-A (2011).[1] Petitioner, along with other members of his firm, was disciplined based on events arising out of an attorney-client relationship that ultimately led to Petitioner receiving a two-year deferred sentence for Obstruction of a Public Officer—a misdemeanor. Prior to Petitioner's suspension, Petitioner remained in good standing with the Oklahoma Bar Association.

¶2 A reinstatement hearing was held on November 21, 2014, before a panel of the Professional Responsibility Tribunal. The PRT considered the evidence presented and heard the testimony of numerous witnesses in support of Petitioner's reinstatement. A sitting District Court Judge—who previously testified at Respondent's disciplinary hearing—testified that Respondent acknowledged the wrongfulness of his conduct and the disrepute his conduct brought upon the profession. In fact, "Respondent has never attempted to justify the decision he made, but recognizes it as a colossal lapse of judgment." Other witnesses described Respondent as an exceptional lawyer and unequivocally endorsed Respondent's reinstatement.

¶3 However, the record also revealed that, as of November 19, 2014, Petitioner owed $133,263 in personal federal taxes, penalties, and interest.[2] That amount included taxes owed for calendar years 2012 and 2013, despite Petitioner's monthly salary of $5,500.00. In essence, Petitioner failed to withhold sufficient funds over the years, resulting in an arrearage.

¶4 In its report to this Court, the PRT found, in part, that,

1) Petitioner has met all the procedural requirements necessary for reinstatement to the Oklahoma Bar Association, as set forth in RGDP Rule 11.

2) Petitioner has established by clear and convincing evidence that he has not engaged in the practice of law since his suspension.

3) Petitioner has established by clear and convincing evidence that he possesses the competence and learning in the law required for reinstatement to the Oklahoma Bar Association which includes 30.5 hours of Continuing Legal Education courses and 19.5 hours of ethics, during his suspension.

4) Petitioner has established by clear and convincing evidence that he possesses good moral character which would entitle him to be reinstated to the Oklahoma Bar Association.

5) Petitioner is conscious of his wrongful conduct and the disrepute it brought to the profession.

6) Petitioner owes personal income tax debt to the United States and the State of Oklahoma. Petitioner obtained a loan and paid $11,000 to the Oklahoma Tax Commission and has entered into a payment plan with the OTC obligating himself to pay $969 per month for 15 months. Petitioner has made an Offer in Compromise to the Internal Revenue Service and is

---

1. The circumstances surrounding Petitioner's suspension in 2013 are set forth fully in *State ex rel. Oklahoma Bar Association v. Ogle*, 2013 OK 78, 318 P.3d 1099.

2. On September 14, 2015, Respondent filed in this Court an unopposed motion to re-open and supplement the record for a change in circumstances. In it, Respondent advises that he has fully paid the OTC and IRS tax debts. And, because full payment of the IRS tax debt has been made, the Offer in Compromise was dismissed as moot.

negotiating payment of that tax debt. Petitioner has timely filed his tax returns, but has been unable to fully pay the tax due.

¶ 5 Over the objection of the Oklahoma Bar Association (Respondent), the PRT unanimously recommended Petitioner's reinstatement to membership in the Oklahoma Bar Association and to the Roll of Attorneys after the payment of costs.

¶ 6 This Court exercises original jurisdiction in all reinstatement proceedings. *In re Gassaway*, 2002 OK 48, ¶ 3, 48 P.3d 805, 806. Although RGDP Rule 11.5 requires the PRT to make findings as to the applicant's fitness and competency to practice law, moral character, as well as whether the applicant practiced law during the suspension period, a PRT's recommendation is merely advisory. *In re Golden*, 2013 OK 96, ¶ 5, 315 P.3d 377, 380. Rather, this Court will review the matter de novo in determining whether reinstatement is warranted. *In re Gassaway*, 2002 OK 48, ¶ 3, 48 P.3d 805, 806.

¶ 7 A suspension from the practice of law for a period in excess of two years is tantamount to disbarment. *In re Munson*, 2010 OK 27, ¶ 12, 236 P.3d 96, 101. As a result, an attorney's reinstatement is not automatic. *Id.* ¶ 11, 236 P.3d at 101. Instead, an applicant must present stronger proof of qualifications than one seeking admission in the first instance. *In re Fraley*, 2005 OK 39, ¶ 37, 115 P.3d 842, 852 quoting Rule 11.4 of the RGDP. The applicant must demonstrate by clear and convincing evidence that the prerequisites for reinstatement are met and the applicant's conduct will conform to the high standards required of a member of the Bar Association. Okla. Stat. tit. 5, ch. 1, app. 1–A, Rule 11.4 (2011). This Court determines an applicant's fitness for reinstatement "on a case-by-case basis—carefully weighing all factors." *In re Page*, 2004 OK 49, ¶ 3, 94 P.3d 80, 82. Those factors include:

(1) the present moral fitness of the applicant,

(2) the demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession,

(3) the extent of applicant's rehabilitation,

(4) the seriousness of the original misconduct,

(5) the conduct subsequent to discipline,

(6) the time that has elapsed since the original discipline,

(7) the applicant's character, maturity, and experience at the time of the discipline, and

(8) the applicant's present competence in legal skills.

*In re Kamins*, 1988 OK 32, ¶ 20, 752 P.2d 1125, 1130.

¶ 8 Respondent's sole point of contention over Petitioner's reinstatement centers on Petitioner's Form 656 "Offer in Compromise" submitted to the IRS. Specifically, Respondent asserts that Petitioner's sworn statement that "his income will never be restored to prior year levels" coupled with Petitioner's offer to settle the personal tax obligation for less than 5% of what is owed were less than candid—casting doubt upon Petitioner's forthrightness and truthfulness. According to Respondent, "Petitioner declared as true these statements to the IRS knowing that the suspension period of his law license had run, that he had filed for reinstatement of that license ... and if reinstated, he had offers to return to work as a licensed attorney." But for these statements, Respondent would join in the PRT's recommendation to reinstate Petitioner.

¶ 9 Petitioner, on the other hand, asserts that he has fully cooperated with the IRS and complied with its regulations and procedures in an effort to become current. Petitioner maintains that the Form 656 and the statements contained therein were an accurate representation of Petitioner's present earning capacity and his ability to pay. Moreover, Petitioner contends until further order of this Court, he remains unlicensed and believes his previous earning potential will never again be realized.

¶ 10 Although each reinstatement proceeding is unique, this Court is guided by similar cases in which reinstatement was granted despite an applicant's personal tax arrearage. In *In re Jones*, 2006 OK 33, 142 P.3d 380, the applicant was making payments on an $80,000 tax arrearage at the time of filing the

petition for reinstatement. This Court granted the applicant's petition. In a similar case, the petition for reinstatement was granted where the applicant "worked out a payment plan with the Internal Revenue Service." *In re McKenzie,* 1996 OK 72, ¶ 9, 925 P.2d 18, 20. And, in *In re Stewart,* 2010 OK 61, 240 P.3d 666, this Court granted the petition for reinstatement after the applicant availed himself of tax relief under the United States Bankruptcy Code.

¶ 11 To be clear, it is incumbent upon all Oklahoma Bar members to satisfy their tax obligations. It is not only the law, but a moral obligation this Court takes seriously. But, this Court must apply this duty "fairly and consistently to achieve justice, to rehabilitate errant members of the bar, and to protect the public." *Id.* ¶ 5, 240 P.3d at 668.

¶ 12 The mere fact that Respondent took issue with Petitioner's statements—believed to be made in good faith—in the Offer in Compromise, cannot preclude Petitioner from reinstatement. From this Court's review of the record, it is clear that Petitioner followed the established procedures and is taking steps to resolve his tax liability. The IRS code contains provisions that allow a taxpayer, as here, to enter into negotiations to either settle or establish a payment plan in resolving an outstanding tax debt. Form 656 contemplates a taxpayer's offer of settlement despite the taxpayer's financial profile where full payment of the tax amount might impair one's ability to provide for oneself and one's family. This criteria alone, requires the taxpayer to tender his subjective belief of his ability to pay and produce supporting documentation. The ultimate decision on the Offer in Compromise rests with the IRS, not with this Court.

¶ 13 After considering the matter de novo, this Court concludes that Petitioner's reinstatement is warranted. Aside from Petitioner's tax arrearage, Petitioner has overcome the heightened standard for reinstatement. The record demonstrates, by clear and convincing evidence, that Petitioner has satisfied all the procedural requirements necessary for reinstatement. In addition, more than two years have passed since Petitioner was suspended. And, the underlying misdemeanor offense that led to Petitioner's discipline has been dismissed. Since Petitioner's suspension, Petitioner worked as a paralegal, timely filed his annual tax returns, and made substantial payments—in essence greatly reducing his tax obligations. The record also supports Petitioner's compliance with the IRS procedures and his continued cooperation in resolving the matter.

¶ 14 It is therefore ordered that Petitioner, James David Ogle, be reinstated as a member of the Oklahoma Bar Association and his name placed on the Roll of Attorneys. It is further ordered, on application by Respondent, costs totaling $1,746.53 are assessed against James David Ogle. The costs are to be paid within sixty (60) days of the date this opinion becomes final.

Concur: REIF, C.J., COMBS, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, and COLBERT, JJ.

Not Participating: KAUGER and GURICH, JJ.