2003 OK 9

**In the Matter of the REINSTATEMENT of Steven D. SWANT to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

**No. SCBD 4714.**

Supreme Court of Oklahoma.

Feb. 11, 2003.

Loraine Dillinder Farabow, Oklahoma Bar Association, Oklahoma City, OK, for Respondent.

Steven D. Swant, Pro Se, Skiatook, OK, for Petitioner.

SUMMERS, J.

¶ 1 This is an application from Steven D. Swant seeking reinstatement to the Oklahoma Bar Association. The Trial Panel of the Professional Responsibility Tribunal unanimously recommended that Mr. Swant be reinstated, and the Bar joins in that recommendation. The parties have filed a joint brief and waived filing additional briefs. The Bar has asked this Court to adopt the Panel's report and reinstate Mr. Swant to membership in the Oklahoma Bar Association. We agree, and grant petitioner's reinstatement, effective upon his payment of dues and costs of this proceeding.

¶ 2 Mr. Swant became a member of the Oklahoma Bar Association on April 24, 1998.

He subsequently moved to Texas and worked there. Petitioner had not anticipated returning to Oklahoma to practice law here, and his name was stricken from the roll of attorneys on September 18, 2000 for nonpayment of dues. At that time he was in compliance with the mandatory continuing legal education requirements, and no disciplinary proceeding was pending against him.

¶ 3 The Trial Panel found that Mr. Swant had sustained his burden of proof required under Rules 11.4 and 11.5, Oklahoma Rules Governing Disciplinary Proceedings, showing by clear and convincing evidence that he possesses good moral character, had not engaged in the unauthorized practice of law since the date of his suspension, possesses the competency and learning in the law required for admission to practice law in the State of Oklahoma, and that if reinstated, his conduct will conform to the high standards required of a member of the Bar. The Panel concluded that Mr. Swant meets all the requirements for reinstatement as a member of the OBA.

¶ 4 While the Trial Panel must make specific findings, its recommendations are merely advisory. The ultimate decision rests with this Court, which has exclusive original jurisdiction over petitions for reinstatement for membership to the Bar, and which makes an independent review of the record in the proceeding. *Matter of Reinstatement of Phillips,* 1996 OK 62, 919 P.2d 419; *Matter of Reinstatement of Floyd,* 1989 OK 83, 775 P.2d 815.

¶ 5 Upon an application for reinstatement our review of the evidence includes consideration of the following factors, if applicable: (1) petitioner's present moral fitness; (2) demonstrated consciousness of the wrongful conduct and disrepute which the conduct has brought the profession; (3) extent of the rehabilitation; (4) the seriousness of the original misconduct; (5) the conduct subsequent to discipline; (6) the time which has elapsed since original discipline; (7) petitioner's character, maturity, and experience at the time of disbarment or suspension; and (8) present competence in legal skills. *In the Matter of Reinstatement of Phillips, supra.*

¶ 6 Since Mr. Swant has not been disciplined for professional misconduct our

focus in this case is limited to questions regarding his present moral fitness, his professional competence, and whether he has engaged in the unauthorized practice of law.

¶ 7 Mr. Swant testified he didn't practice law in Texas, and when he returned to Oklahoma, where his daughter and other family members live, he decided he wanted to practice law, and he began pursing reinstatement to the Bar. The evidence showed that before he filed the petition now before us Mr. Swant had filed two petitions for reinstatement and voluntarily withdrew both without objection by the Bar and by order of this Court. Mr. Swant's testimony indicated that he had filed those petitions too hastily, as he had not then sufficiently prepared for the reinstatement proceeding.

¶ 8 The evidence at the hearing showed that Petitioner had taken positive steps to insure the adequacy of his knowledge of Oklahoma law by reading most of the Oklahoma Bar Journals published since his admission, and attending CLE courses. Since December 2001 Mr. Swant had worked approximately 35 hours a week in the Tulsa County Public Defender's Office, and in his job he has assisted attorneys in preparing for arraignment dockets. His duties were of an investigative nature. He did not make court appearances and did not practice law. His supervisor at the Public Defender's Office testified to his good moral character, knowledge of the law, reliability and effectiveness.

¶ 9 Mr. Swant was shown by the evidence to be also working part time for a private attorney in Tulsa. Petitioner testified that he assisted in drafting documents under the supervision of the lawyer, and did research and writing in certain areas of the law. The lawyer testified that petitioner is a person of good moral character who is knowledgeable concerning Oklahoma law, particularly in the areas of criminal law, probate and real estate, and that he is effective at analyzing legal issues, researching and writing. He testified he believed petitioner was competent to have direct responsibility for client matters, and that he hoped Mr. Swant would continue to work for him if his Petition for Reinstatement is granted.

¶ 10 Affidavits of good moral character and fitness to practice law were submitted by a Texas attorney and by nine active members of the Oklahoma Bar Association. The Chief Public Defender for Tulsa county submitted a letter to the same effect.

¶ 11 Having reviewed the evidence, we find Mr. Swant has shown by clear and convincing evidence that he possesses good moral character, competence and learning in the law, and has not engaged in the unauthorized practice of law during the period of suspension. We conclude he has met his burden for reinstatement, and shall be reinstated to membership in the Oklahoma Bar Association conditioned upon his payment of delinquent past and current dues, (shown by exhibit to be in the amount of $637.50 at the time of the hearing), and costs of this proceeding in the amount of $704.33.

¶ 12 ALL JUSTICES CONCUR.