2010 OK 83

**In the Matter of the REINSTATEMENT OF Byron Paul LAWRENCE, to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.**

No. SCBD–5613.

Supreme Court of Oklahoma.

Nov. 30, 2010.

**ORDER**

¶ 1 Petitioner Byron Paul Lawrence has presented this Court with a Petition for Reinstatement to membership in the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2001, Ch. 1, App. 1–A (RGDP), as amended. The OBA, through its Office of General Counsel, investigated the matter and recommends the petition be granted. A trial panel of the Professional Responsibility Tribunal (PRT) held a hearing on the petition on May 13, 2010 and filed a report with this Court on June 4, 2010, finding that Petitioner meets the requirements for reinstatement. The PRT report recommended the petition be granted and that Petitioner be reinstated to OBA membership. Thereafter, on July 1, 2010, the OBA and Petitioner filed a Joint Waiver of Briefs with the Court requesting that we accept the PRT's recommendation to reinstate Petitioner.

¶ 2 Upon consideration of the matter, we find the record shows by clear and convincing evidence the following:

1. Petitioner graduated from the University of Tulsa School of Law on May 11, 1980. He was admitted to OBA membership and licensed to practice law in Oklahoma on October 17, 1980, following successful completion of the Oklahoma Bar Examination.

2. Thereafter, Petitioner resided in Tulsa, Oklahoma, and practiced corporate benefits and employment law with Cities Service Oil Company from June, 1980, through May, 1983, when the company was sold to Occidental Petroleum. While employed by Occidental Petroleum, he was transferred to Los Angeles, California, Buffalo, New York and then to Dallas, Texas, and practiced in the areas of ERISA compliance and employment law. From 1988 through 1995, the Petitioner was employed by Wyndham Hotels as a Corporate Benefits Manager. In 1996, Petitioner became employed with Nortel Networks as a Project Engineer until he was laid off in September of 2001, and was then hired by Nokia Mobile Phones in November, 2001, where he rose to the position of Senior International Project Manager until he was laid off in January of 2009. From April, 2009, to the present, Petitioner has been self-employed in part-time contract administration. His current OBA roster address is 9402 Hilldale Dr., Dallas, Texas, 75231.

3. Petitioner maintained his license to practice law in Oklahoma until September 18, 2000, when he was suspended from OBA membership for non-payment of dues. At the time of his suspension, he was not subject of any disciplinary investigation or proceeding, and in fact has never been subject to discipline or investigation.

4. No objections were filed to the petition requesting reinstatement and no one appeared in opposition to reinstatement.

5. Petitioner possesses the good moral character entitling him to be admitted to the OBA.

6. Petitioner has not engaged in the unauthorized practice of law in Oklahoma or any other State during the period of his suspension.

7. Petitioner has kept abreast of developments in the law and possesses the competency and learning in the law required for admission to the practice of law in Oklahoma. More particularly, he recently completed twelve (12) hours of Oklahoma CLE credit including one (1) hour of ethics. He has otherwise sufficiently demonstrated his competency, so that there is no need for him to take and pass the regular bar exam.

8. Petitioner has not filed a petition for reinstatement to the OBA during the one year period immediately preceding the instant petition's date.

9. The OBA has incurred $976.75 in reimbursable costs in this matter and the record shows Petitioner has previously reim-

bursed the OBA for said costs. Petitioner is also responsible for paying membership dues to the OBA for the current year.

10. Petitioner's Petition for Reinstatement should be approved.

¶ 3 In that Petitioner has met his burden of proof to show, by clear and convincing evidence, each of the prerequisites to reinstatement found in Rule 11.5, RGPD, as discussed in *In Re Reinstatement of Swant,* 2003 OK 9, 65 P.3d 275, it is **ORDERED** that Byron Paul Lawrence be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma.

¶ 4 It is also **ORDERED** that Petitioner shall pay to the OBA current year membership dues in the amount of $275.00 within thirty (30) days from the date this Order is filed with the Clerk of this Court.

¶ 5 It is also **ORDERED** that reinstatement is conditioned upon Petitioner's payment to the OBA of the amount specified in ¶ 4 above and completion of twelve (12) hours of CLE, including one (1) hour of ethics for the calendar year in which reinstatement is granted, or obtain a waiver thereof.

¶ 6 EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, and REIF, JJ., concur.