OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF CLAYBORNE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF CLAYBORNE
2017 OK 93
Case Number: SCBD-6474
Decided: 11/20/2017
As Corrected: November 22, 2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 93, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF: MARK ANTHONY CLAYBORNE,
TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

PER CURIUM MEMORANDUM OPINION

¶1 Petitioner Mark Anthony Clayborne has presented this Court with a Petition for Reinstatement to Membership in the Oklahoma Bar Association (OBA) pursuant to Rule 11, Rules Governing Disciplinary Proceedings, 5 O.S.2011, Ch. 1, App.1-A (RGDP). The OBA, through its Office of the General Counsel, investigated the allegations in the petition and filed an objection to Petitioner's reinstatement. Thereupon, this matter was referred to the Professional Responsibility Tribunal (PRT) to hold a hearing on the petition and the OBA's objection. A three member trial panel of the PRT heard this matter on March 28, 2017, and filed its report with this Court on June 14, 2017.

¶2 The PRT found that Petitioner met the requirements set forth in Rule 11.5 for reinstatement. The PRT trial panel unanimously recommended the petition be granted and that Petitioner be reinstated to OBA membership. Thereafter, on July 6, 2017, Petitioner filed his brief urging this Court to accept the PRT's recommendation to reinstate him. On July 21, 2017, the OBA filed its answer brief requesting that this Court deny reinstatement. Upon the filing of Petitioner's reply brief on August 2, 2017, this case came on for disposition.

¶3 Upon de novo consideration of the record, we find that the following matters pertinent to reinstatement have been established by clear and convincing evidence:

1. Petitioner was convicted of subornation of perjury on April 3, 2011 and received an interim suspension as provided in Rule 7 RPGD on June 20, 2011; he was later disbarred on October 28, 2013 based on this conviction, State ex rel Oklahoma Bar Association v. Clayborne, 2013 OK 92, 311 P.3d 846, but this Court provided that the period of disbarment would run from the date of the interim suspension.

2. Petitioner became eligible for reinstatement on June 20, 2016, and filed his petition for reinstatement on December 6, 2016.

3. During the period of the interim suspension and his disbarment, Petitioner did not (1) engage in the unauthorized practice of law, (2) appear in court as an attorney, or (3) participate as counsel of record in any proceeding.

4. Petitioner has complied with all procedural rules governing reinstatement, is not delinquent on past dues or fees (including MCLE), and has agreed to pay the fees and expenses of the investigation.

5. Petitioner possesses the good moral character sufficient to entitle him to be admitted to the OBA, and has shown that his conduct as an attorney following reinstatement will conform to the high standards required of a member of the Bar.

6. Petitioner provided stronger proof of his qualifications than one seeking admission for the first time by earning 51 CLE credits (including 8 legal ethics credits) during his disbarment, knowing that such credits cannot count toward future CLE requirements after reinstatement.

7. Contrary to the assertions of the OBA, Petitioner's evidence demonstrates more than just commendable conduct over a substantial period of time and does meet his heavy burden to show that he would act differently if faced with similar pressures and circumstances that led to his conviction.

8. Petitioner's own testimony reveals remorse for the disrepute brought upon the legal profession, and consciousness of the wrongfulness and seriousness of the conduct for which he was convicted, despite maintaining his innocence; Petitioner stated he respected and accepted the jury's verdict, and would not engage in the same or other conduct that would bring disrepute upon the profession; the PRT heard and observed Petitioner's testimony first hand and was in the best position to judge Petitioner's truthfulness and sincerity in these regards.

9. The circumstances of Petitioner's conviction, disbarment, rehabilitation and reinstatement are similar to those in the case of In Re Reinstatement of Spilman, 2004 OK 79, 104 P.3d 576, where reinstatement was granted, and Petitioner's Petition for Reinstatement likewise should be approved.

¶4 In that Petitioner has met his burden of proof to show, by clear and convincing evidence, each of the prerequisites to reinstatement found in Rule 11.5, RGPD, and addressed the applicable additional factors set forth in In Re Reinstatement of Swant, 2003 OK 9, 65 P.3d 275, it is ORDERED that Mark Anthony Clayborne be reinstated to membership in the Oklahoma Bar Association and that his name be reinstated to the Roll of Attorneys licensed to practice law in the State of Oklahoma.

¶5 It is also ORDERED that reinstatement is conditioned upon completing twelve (12) hours of CLE, including one (1) hour of ethics for the calendar year in which reinstatement is granted, or obtaining a waiver; completing the Annual Report of CLE compliance for 2017, or obtaining a waiver; and paying any other fees, dues and penalties that may be due and owing to the OBA.

¶6 ADOPTED IN CONFERENCE BY ORDER OF THE SUPREME COURT THIS 20TH DAY OF NOVEMBER, 2017.

CONCUR: Combs, CJ, Gurich, VCJ, Kauger, Watt, Winchester, Colbert, and Reif. JJ

DISSENT: Wyrick, J






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2003 OK 9, 65 P.3d 275, IN THE MATTER OF THE REINSTATEMENT OF SWANT
Discussed
 2004 OK 79, 104 P.3d 576, IN THE MATTER OF THE REINSTATEMENT OF SPILMAN
Discussed
 2013 OK 92, 311 P.3d 846, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CLAYBORNE
Discussed